JENNIFER STISA GRANICK (SBN 168423)
jennifer@law.stanford.edu
RIANA PFEFFERKORN (SBN 266817)
riana@law.stanford.edu
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 736-8675
Facsimile: (650) 725-4086

*Pro Se* Petitioners

FILED
SEP 28 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 16 80206 MISC. KAW

| IN RE: <br> PETITION OF JENNIFER GRANICK AND RIANA PFEFFERKORN TO UNSEAL TECHNICAL-ASSISTANCE ORDERS AND MATERIALS | MISC. CASE NO: <br><br> PETITION TO UNSEAL TECHNICAL-ASSISTANCE ORDERS AND MATERIALS |
|---|---|

Petitioners Jennifer Granick and Riana Pfefferkorn, researchers at the Stanford Center for Internet and Society proceeding *pro se*, file this Petition to unseal court records. We file this Petition so that the public may better understand how government agents are using legal authorities to compel companies to assist them in decrypting or otherwise accessing private data subject to surveillance orders. Petitioners hereby seek the docketing of surveillance orders issued by this Court; the unsealing of those dockets; and the unsealing of the underlying Court records in surveillance cases relating to technical-assistance orders issued by this Court to communications service providers, smartphone manufacturers, or other third parties, in matters where there is no longer any need for secrecy, as further explained below and in the attached Memorandum of Points and Authorities. In support of the Petition, Petitioners file herewith said Memorandum, the Declaration of Petitioner Riana Pfefferkorn, and a Proposed Order granting Petitioners' request.

**RELIEF REQUESTED**

Petitioners seek the docketing of the surveillance matters handled in this District; the unsealing of the docket sheets; and the unsealing of technical-assistance applications and orders issued by this Court, whether relating to access to encrypted information or to other forms of compelled third-party assistance in carrying out court-authorized surveillance.

Specifically, Petitioners respectfully request that:

(1) the Court assign case numbers to, and docket in its Case Management/Electronic Case Filing system ("CM/ECF"), any and all applications, motions, opposition briefs, orders, and/or warrants, filed at any time, under the following statutes:

- the Wiretap Act, 18 U.S.C. §§ 2510-2522;
- the Stored Communications Act (or "SCA"), 18 U.S.C. §§ 2701-2712;
- the Pen Register Act (or "Pen/Trap Act"), 18 U.S.C. §§ 3121-3127; and/or
- the All Writs Act (or "AWA"), 28 U.S.C. § 1651;

(2) the docket sheets for the foregoing surveillance matters in number (1) above be unsealed and made publicly available, including on CM/ECF;

(3) the underlying documents in the dockets for surveillance matters falling under the

following specific statutory provisions (relating to technical assistance), filed from January 1, 2006 through six months before the date this Petition is granted, be unsealed and made publicly available, including on CM/ECF:

- Sections 18 U.S.C. §§ 2511(2)(a)(ii) and/or 2518(4) of the Wiretap Act;
- Section 18 U.S.C. § 2703 of the SCA;
- Sections 18 U.S.C. §§ 3123(b)(2) and/or 3124(a) or (b) of the Pen/Trap Act; and/or
- Section 28 U.S.C. § 1651(a) of the AWA;

and

(4) the Court revise its practices going forward, such that the Clerk's office will assign case numbers to, docket, and enter into CM/ECF all applications and orders for search warrants, surveillance, and technical assistance; the Court will undertake a periodic review (*e.g.*, annually or biannually) of sealed dockets, warrants, surveillance orders, and technical-assistance orders; and after such review, the Court will unseal those records for which there is no longer any need for continued sealing.

Petitioners seek the unsealing of underlying materials only from cases where there is no longer any need for secrecy, *e.g.*, the criminal investigation has terminated, the surveillance order (including any delayed-notice order) has expired, or charges have been filed. These records are public documents and should be publicly docketed and unsealed unless good cause exists on a case-by-case basis for continued secrecy based on the facts and circumstances of the individual matter.

Petitioners are unable to access these records without the assistance of the Court because they are not entered into the Court's system, assigned case numbers, or docketed, and in any event any identifying information from which Petitioners could identify the relevant matters is sealed and outside of public view.

Petitioners are not seeking to unseal the names or other identifying information of targets of any investigation or their associates. Because Petitioners are interested in the development of the law of technical assistance, names and other identifying information can be redacted from unsealed materials.

As explained in the attached Memorandum of Points and Authorities, the purpose of this Petition is to promote the public interest by illuminating the legal authorities under which law enforcement may require the assistance of third parties in conducting court-authorized searches, seizures, data collection, or surveillance. Publicly docketing and unsealing the requested materials would inform the current public debate over encryption policy including pending legislation, would further public understanding of surveillance law, would help reveal law enforcement's legal authority to compel service providers to create and maintain surveillance-capable communications and data services, and would serve the deep-seated American principle of open access to the courts by disclosing documents for which there is no longer any reason for continued secrecy.

Respectfully submitted,

Dated: September 28, 2016

JENNIFER STISA GRANICK (SBN 168423)
RIANA PFEFFERKORN (SBN 266817)

*Pro Se*