JENNIFER STISA GRANICK (SBN 168423)
jennifer@law.stanford.edu
RIANA PFEFFERKORN (SBN 266817)
riana@law.stanford.edu
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 736-8675
Facsimile: (650) 725-4086

*Pro Se* Petitioners

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>PETITION OF JENNIFER GRANICK AND RIANA PFEFFERKORN TO UNSEAL TECHNICAL-ASSISTANCE ORDERS AND MATERIALS | MISC. CASE NO.: CV 16 80206 MISC.<br><br>DECLARATION OF RIANA PFEFFERKORN IN SUPPORT OF PETITION TO UNSEAL TECHNICAL-ASSISTANCE ORDERS AND MATERIALS<br><br>KAW |

FILED SEP 28 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

I, Riana Pfefferkorn, declare as follows:

1. I am an attorney licensed to practice law before this Court. I am the Cryptography Fellow at the Center for Internet and Society at Stanford Law School ("CIS"), and am one of the *pro se* Petitioners in the above-captioned matter. The following facts are true to the best of my knowledge and belief and, if called and sworn as a witness, I could and would testify competently to them.

2. On September 16, 2016, I spoke by telephone with Mr. Mark Jenkins, Deputy Clerk of this Court. I asked Mr. Jenkins some questions regarding how this Court keeps track of search warrants and surveillance authorization orders, such as wiretap or trap-and-trace orders.

3. Mr. Jenkins informed me that the Clerk's office keeps paper records of warrants and surveillance orders authorized by the Court, but that warrants and surveillance orders are not entered into the Court's system, they are not assigned a case number or any means to look them up, and they are not searchable. He further stated that, while some search warrants are not sealed, these warrants and orders are usually sealed and cannot be unsealed without a court order.

4. Mr. Jenkins further stated that the Clerk's office does not keep track of these materials, but that the United States Attorney's Office for the Northern District of California ("USAO") would keep copies and categorize them.

5. Mr. Jenkins reiterated that these materials are not searchable and that in order to locate a specific surveillance order, someone in the Clerk's office would have to review all the paper records of such materials one by one, potentially using a date range to narrow it down. He stated that in the past, the Clerk's office has received a few requests akin to my inquiry from members of the public to review surveillance orders, but that it was impossible for the Clerk's office to honor these requests, and in any event sealed orders cannot be publicly disclosed without court order.

6. On May 20, 26, and 31, June 1, 2, 6, 8, 13, 14, 17, 28, July 1, and September 16, 2016, my colleague Jennifer Granick, who is also a Petitioner in the above-captioned action and the Director of Civil Liberties at CIS, corresponded by email with attorneys at the USAO to attempt to meet and confer with the USAO regarding our efforts to have this Court's technical-

assistance materials unsealed. As Ms. Granick explained in her emails, the purpose of the proposed meet-and-confer was to learn more about the USAO's methods for tracking and cataloging the materials Petitioners seek to unseal and to discuss how to minimize the burden to the USAO of reviewing the materials. In addition to these emails, Ms. Granick also left voicemail on June 1, 2016 with the then-Deputy Chief of the Criminal Division of the USAO regarding the proposed meet-and-confer. These efforts were unsuccessful.

7. On September 20, 2016, Ms. Granick emailed Ms. Barbara Valliere, presently the Chief of the Criminal Division of the USAO. The email informed Ms. Valliere that we planned to file this Petition this week and requested a telephonic meet-and-confer. We received no response.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed at San Francisco, California on September 28, 2016.

_Riana Pfefferkorn_
Riana Pfefferkorn