BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

KIRSTIN M. AULT (CABN 206052)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6940
    Facsimile:  (415) 436-7234
    E-Mail: Kirstin.ault@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **IN RE: PETITION OF JENNIFER GRANICK AND RIANA PFEFFERKORN TO UNSEAL TECHNICAL-ASSISTANCE ORDERS AND MATERIALS** | NO. CV 16-80206 MISC. KAW <br><br> UNITED STATES' STATEMENT OF INTEREST |

The United States is not a party to the instant action. Nevertheless, the United States may be a real party in interest in this matter as the Petition appears to relate to materials filed by the United States under seal with the Court in the course of carrying out its responsibility to enforce federal criminal law. Therefore, the United States requests that it be provided an opportunity to be heard before the Court grants any of the relief the Petitioners are seeking.[1] *See* 28 U.S.C. § 517 (authorizing attorneys from the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States"); *Roeder v.*

---

[1] Because the Petition seeks to alter the court's administrative procedures and commandeer court resources, the Court may determine that it is appropriate to deny the Petition for reasons that do not implicate the United States' interests discussed below.

UNITED STATES' STATEMENT OF INTEREST
NO. CR 16-80206 MISC. KAW    1

*Islamic Republic of Iran*, 195 F. Supp. 2d 140, 158 (D.D.C. 2002) ("The United States clearly has the authority pursuant to 28 U.S.C. § 517 to move to intervene in a case should it believe that its interests are sufficiently implicated, and has done so on countless occasions.") (citing cases); *see also Huff v. United States*, 10 F.3d 1440, 1444 (9th Cir. 2007) (recognizing authority granted by 28 U.S.C. § 517 for attorneys of the Department of Justice to appear in court to represent the interests of the United States).

Petitioners appear to be requesting that the Court issue a blanket order: (1) altering the court's assignment of case numbers to and docketing of certain materials filed with the court during the past 10 years; (2) changing the Court's docketing practices for certain categories of materials going forward; (3) assigning court resources to conduct a "periodic review" of court files to determine whether the Court should *sua sponte* unseal court records, some of which are required to be sealed as a matter of law; and (4) unsealing and making publicly available court records relating to the court's authorization of investigative techniques in criminal investigations under the following statutes:

(a)  18 U.S.C. §§ 2511(2)(a)(ii) and/or 2518(4) (Wire and Electronic Communications Interception and Interception of Oral Communications);

(b)  18 U.S.C. § 2703 (Stored Wire and Electronic Communications and Transactional Records Access);

(c) 18 U.S.C. § § 3123(b)(2) and/or 3124(a) or (b) (Pen Registers and Trap and Trace Devices); and

(d) 28 U.S.C. § 1651 (All Writs Act).

With the exception of the All Writs Act,[2] each of the statutory schemes at issue in Petitioner's request specifically protects the confidentiality of the communications and other information at issue. *See* 18 U.S.C. § 2511 (1)(c) (prohibiting disclosure of intercepted communications); 18 U.S.C. § 2511(2)(a)(i) (prohibiting communication service providers from disclosing existence of wiretap); 18 U.S.C. § 2518(8)(a) & (b) (requiring wiretap applications and orders and the contents of any intercepted

---

[2] As its name implies, the All Writs Act is a broad statute providing that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). While the All Writs Act is sometimes used to aid in criminal investigations, the Act is invoked a wide variety of circumstances necessary to give force and effect to the court's orders and procedures.

communications be sealed by the court); 18 U.S.C. § 2702(a) (prohibiting disclosure of contents of communications and subscriber records); 18 U.S.C. § 3123(d) (requiring that pen register or trap and trace order be sealed by the court and its existence not be disclosed by the service provider). The United States has an overarching interest in enforcing federal law, including these confidentiality provisions, that is implicated by the relief requested in the Petition.

The Petitioners' request also implicates other rights, privileges, and protections that have long been recognized by the courts as vital to the proper functioning of the criminal justice system, and, thus, the United States has an interest in protecting them. These interests include protecting the privacy and reputations of persons who are investigated but not ultimately charged with crimes, as well as those who may associate with persons involved in crime but who are not themselves involved in illegal activity. *See Gelbard v. United States*, 408 U.S. 41, 49 (1972) (recognizing that "the protection of privacy was an overriding congressional concern" when Congress enacted the wiretap statute). In addition, because the investigative techniques identified in the Petition are frequently used in the course of a grand jury investigation, the United States' interest in protecting the confidentiality of the grand jury's proceedings is also implicated. *See Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979) (proper functioning of grand jury rests on secrecy of its proceedings, which serves important purposes such as protecting witnesses who may fear retaliation if their testimony were known and shielding grand jurors from pressure or inducements by those under investigation); *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681-82 n.6 (1958) (recognizing one of the most important aspects of the grand jury secrecy provisions is the protection afforded for those who are investigated but not ultimately prosecuted). The United States also has an interest in maintaining the confidentiality of its investigations, including protecting confidential sources and undercover agents who may have risked their lives to assist in the enforcement of federal criminal laws. *See Roviaro v. United Stated States*, 353 U.S. 53, 59 (1957) (recognizing right to keep identities of confidential informants secret to encourage reporting to law enforcement and protect safety of individuals who do so). Moreover, because the United States is the primary user of the techniques at issue in the Petition, the United States has a substantial interest in the development of the law in this area.

Accordingly, the United States respectfully requests that the Court permit the United States to provide its counsel regarding the Petition before any of the requested relief is granted.

DATED: October 13, 2016

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

/s/
KIRSTIN M. AULT
Assistant United States Attorney