JENNIFER STISA GRANICK (SBN 168423)
jennifer@law.stanford.edu
RIANA PFEFFERKORN (SBN 266817)
riana@law.stanford.edu
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 736-8675
Facsimile: (650) 725-4086

*Pro Se* Petitioners

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **IN RE:**<br>**PETITION OF JENNIFER GRANICK AND RIANA PFEFFERKORN TO UNSEAL TECHNICAL-ASSISTANCE ORDERS AND MATERIALS** | MISC. CASE NO.: 16-mc-80206-KAW<br><br>**SECOND DECLARATION OF RIANA PFEFFERKORN IN SUPPORT OF PETITION TO UNSEAL TECHNICAL-ASSISTANCE ORDERS AND MATERIALS** |

I, Riana Pfefferkorn, declare as follows:

1. I am an attorney licensed to practice law before this Court. I am the Cryptography Fellow at the Center for Internet and Society at Stanford Law School ("CIS"), and am one of the *pro se* Petitioners in the above-captioned matter. The following facts are true to the best of my knowledge and belief and, if called and sworn as a witness, I could and would testify competently to them.

2. I make this Second Declaration in order to amend my Declaration of September 28, 2016, filed in support of the above-captioned Petition at Docket Item ("D.I.") 3.

3. I made my September 28th Declaration on the basis of a September 16, 2016 telephone conversation I had with Mr. Mark Jenkins, Deputy Clerk of this Court, regarding how this Court keeps track of search warrants and surveillance authorization orders, such as wiretap or pen register/trap-and-trace orders. I understood Mr. Jenkins to say that the Court does not assign these matters case numbers nor docket them.

4. I subsequently learned that the Court does assign case numbers and docket surveillance matters, even when sealed.

5. On December 19, 2016, I called Mr. Jenkins again to follow up on our prior conversation and confirm my understanding. During this call, Mr. Jenkins stated that warrants and surveillance matters filed in this District are in fact assigned case numbers, but the documents themselves are not entered into CM/ECF. He further stated that the Clerk's office can search for these matters by case number, but that there is otherwise no way to search them.

6. Mr. Jenkins further stated that when such a matter is unsealed by the Court, the documents are still not entered into CM/ECF, but they are available to be viewed at the Clerk's office. Mr. Jenkins told me that he believes this Court began using CM/ECF around 2006, and that cases that had already been closed prior to that time were not entered into CM/ECF.

7. On information and belief, this Court generally assigns the "criminal miscellaneous" ("xr") case type to applications for warrants and surveillance orders.

8. Based on this new information and my second conversation with Mr. Jenkins, the following statements in my Declaration of September 28, 2016 were inaccurate: in paragraph 3,

"[warrants and surveillance orders] are not assigned a case number of any means to look them up, and they are not searchable"; in paragraph 4, "the Clerk's office does not keep track of these materials"; and the first sentence of paragraph 5, "Mr. Jenkins reiterated that these materials are not searchable and that in order to locate a specific surveillance order, someone in the Clerk's office would have to review all the paper records of such materials one by one, potentially using a date range to narrow it down."

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed at San Francisco, California on December 22, 2016.

*Riana Pfefferkorn*
Riana Pfefferkorn