JENNIFER STISA GRANICK (SBN 168423)
jennifer@law.stanford.edu
RIANA PFEFFERKORN (SBN 266817)
riana@law.stanford.edu
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 736-8675
Facsimile: (650) 725-4086

*Pro Se* Petitioners

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE:<br>**PETITION OF JENNIFER GRANICK AND RIANA PFEFFERKORN TO UNSEAL TECHNICAL-ASSISTANCE ORDERS AND MATERIALS** | MISC. CASE NO.: 16-MC-80206-KAW<br><br>**RESPONSE TO UNITED STATES' MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO PETITION AND CONTINUANCE OF HEARING DATE**<br><br>**Noticed Hearing:**<br>**Date:** February 16, 2017<br>**Time:** 11:00 a.m.<br>**Judge:** Hon. Kandis A. Westmore |

**PROCEDURAL HISTORY**

On September 28, 2016, Petitioners filed a Petition seeking to unseal the docket sheets of the surveillance matters handled in this District, as well as the underlying court records in surveillance cases relating to technical-assistance orders to third parties. Docket Item ("D.I.") 1. On January 12, 2017, Petitioners filed a motion asking the Court to (1) unseal the docket sheets for all "criminal miscellaneous" matters filed in this District from 2006 through 2011, and make them publicly accessible in the Court's Case Management/Electronic Case Filing system ("CM/ECF"); and (2) enter into CM/ECF all unsealed records in criminal-miscellaneous cases from those years. D.I. 8. Petitioners noticed a hearing for February 16, 2017. *Id.*

On January 13, 2017, the Court gave the government (which filed a statement of interest, D.I. 6) a deadline to file any response to the Motion by January 27, 2017, and gave Petitioners until February 3, 2017 to reply. D.I. 10. Following the Court's order, the government asked Petitioners to agree to an extension of time of two additional weeks to file its opposition. *See* D.I. 11-1 ¶ 2. Granting that request necessitates rescheduling the existing hearing date of February 16, 2017. Due to Petitioner Granick's travel schedule, Petitioners are unavailable on both of the Court's scheduled civil law and motion calendar dates in March 2017. *See* attached Declaration of Jennifer Granick ("Granick Declaration") ¶¶ 4-5. Accordingly, Petitioners sought during meet-and-confer to preserve the currently-noticed hearing date. *See* D.I. 11-1 ¶¶ 2, 4. Petitioners offered to agree with the government to extend its time for briefing one week, with the government's opposition due February 3, 2017, and Petitioners' reply due February 10, 2017. This schedule would enable the Court to hear this matter on February 16, 2017 as originally scheduled. Granick Decl. ¶ 7. The government moved on January 20, 2017 to extend the deadlines for its opposition and Petitioners' reply, and asked to continue the hearing date to March 17, 2017. D.I. 11.[1] The government seeks to extend its opposition deadline to February

---

[1] Petitioners believe this date was a typo and that the Court's law and motion calendar date is March 16, not 17. *See* Magistrate Judge Kandis A. Westmore, Weekly Court Calendar Schedule, http://www.cand.uscourts.gov/kaw.

1  10, 2017, with Petitioners' reply due February 17, 2017. *Id.*

2  **ARGUMENT**

The government has asked this Court to give it four weeks to respond to Petitioners' motion to unseal the docket sheets and underlying records for certain surveillance matters. Petitioners' Motion seeks only two things: (1) to unseal the docket sheets in sealed 2006-2011 criminal-miscellaneous matters, and (2) to put on CM/ECF certain documents from that era that have already been unsealed. D.I. 8 at 1. The government professes that it needs to "assess potential implications" of Petitioners' Motion on its past and ongoing cases and investigations, such as for the safety of witnesses and cooperating agents, individuals' personal and financial privacy, and other "unintended consequences" of granting Petitioner's Motion. D.I. 11 at 1-2.

Those concerns are not implicated by the relief Petitioners' Motion seeks. The docket sheets Petitioners ask to unseal list the titles of filed documents. These titles of documents are highly unlikely to name any witnesses or cooperating agents—even if the underlying document might. There may be telephone numbers or bank account numbers in the document titles. These should be relatively easy to identify and redact. As to documents that are already unsealed, the information in these has already been made public, albeit not via CM/ECF. The government should already have conducted any privacy and safety assessment prior to their unsealing.

Petitioners understand that there remains the possibility of lingering privacy concerns with some data contained in the docket sheets or in the publicly-available already-unsealed materials. Even if this is the case, it does not go to the merits of Petitioners' Motion, but rather to the subsequent process for unsealing the docket sheets and placing the unsealed matters on CM/ECF, should this Court grant Petitioners' Motion. Petitioners agree that privacy interests should be protected. The proper remedy is to grant the Motion and then allow for appropriate redactions, as discussed in the Motion. D.I. 8 at 7, 10. The government need not mount a significant investment of time and research at this point in time on a matter Petitioners are not disputing and which does not go to the merits of the pending Motion.

Petitioners also respectfully request that the Court keep the currently-noticed hearing date

of February 16, 2017 rather than continuing the date as the government's motion requests. The government states that there is no urgency in this matter because the Motion involves a mere "generalized need to conduct academic research." D.I. 11 at 2. This understates the scope of the Motion and of the underlying Petition. As the Motion explains, there is an ongoing, contentious public-policy debate over government surveillance and the federal courts' role in authorizing it. D.I. 8 at 6. It is the timeliness of this national-level debate that drives the urgency of Petitioners' Motion and of the underlying Petition, which has been pending since September 2016. That debate will only continue now that a new presidential administration has just taken office and a new Congress has been seated. Petitioners' personal research agenda is just one part of the rationale for unsealing the materials Petitioners seek—materials which the general public has a First Amendment interest in accessing, above and beyond Petitioners' academic interest in the documents. *See* D.I. 8 at 4-9.

The next scheduled motions date that Petitioners are available is April 6, 2017. Granick Decl. ¶ 6. Granick is unavailable to attend Court on March 2, 2017 as she will be in Washington, D.C. *Id.* ¶ 4. Granick is also scheduled to be out of town on March 16, 2017, traveling to Detroit, Michigan. *Id.* ¶ 5. The briefing schedule that the government recommends would likely result in the hearing date on Petitioners' Motion being continued until April 6, 2017, 12 weeks after their Motion was filed and approximately six months after the underlying Petition was originally filed. *Id.* ¶ 6. For these reasons, Petitioners prefer that the Court grant the government an additional week for its Opposition and keep the February 16th hearing date. Should this Court grant Petitioners the relief they seek, it is going to take time for the government to review the documents to be unsealed before they are released, in order to determine if redactions are necessary. Petitioners appreciate that this review is part of the unsealing process. Leaving time for it is another reason not to unduly delay the hearing.

In the alternative, if the Court grants the government the extension of time, Petitioners ask that the hearing date be set for April 6, 2017 instead of March 16, 2017 when Petitioner Granick is not available.

**CONCLUSION**

For the reasons stated above, Petitioners respectfully request that the hearing date remain set for February 16, 2017. As stated in Petitioners' email to the government, Petitioners are amenable to a one-week extension of the briefing schedule, with the government's opposition due February 3, 2017, and Petitioners' reply due February 10, 2017. *See* D.I. 11-1 at ¶ 4.

In the alternative, if the Court is inclined to grant the government's motion to extend its opposition deadline to February 10, 2017, and continue the hearing date to April 6, 2017 (the next date on which everyone involved is available), Petitioners will require adequate time to prepare a reply to the government's motion, and thus respectfully request that their reply brief be due March 30, 2017, rather than February 17, 2017 as the government requests.

Respectfully submitted,

Dated: January 23, 2017

/s/
JENNIFER STISA GRANICK (SBN 168423)
RIANA PFEFFERKORN (SBN 266817)

*Pro Se*