1  JENNIFER STISA GRANICK (SBN 168423)
   jennifer@law.stanford.edu
2  RIANA PFEFFERKORN (SBN 266817)
   riana@law.stanford.edu
3  559 Nathan Abbott Way
   Stanford, California 94305-8610
4  Telephone: (650) 736-8675
5  Facsimile: (650) 725-4086

6  *Pro Se* Petitioners

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE:<br>**PETITION OF JENNIFER GRANICK AND RIANA PFEFFERKORN TO UNSEAL TECHNICAL-ASSISTANCE ORDERS AND MATERIALS** | MISC. CASE NO.: 16-mc-80206-KAW<br><br>**OPPOSITION TO UNITED STATES' MOTION TO SEAL *EX PARTE* DECLARATION OF AUSA AULT IN SUPPORT OF OBJECTIONS TO MOTION TO UNSEAL DOCKET SHEETS AND PUBLICLY DOCKET COURT RECORDS** |

**RELEVANT PROCEDURAL HISTORY**

On Friday, February 10, 2017, in support of its Objections to Petitioners' Motion to Unseal Docket Sheets and Publicly Docket Court Records (Docket Item ("D.I.") 15), the United States filed a Motion to Seal an *ex parte* declaration by Assistant United States Attorney Kirstin Ault (the "Ault Declaration"). The U.S. did not, however, publicly file a redacted version of the Ault Declaration. Petitioners' Reply to the United States' Objections is currently due on Friday, February 17, 2017. D.I. 14. Because of the government's failure to publicly file a redacted version of the Ault Declaration, as required by this Court's local rules, Petitioners do not have the benefit of that document while preparing their Reply.

**ARGUMENT**

**THE UNITED STATES MUST PUBLICLY FILE A REDACTED VERSION OF THE AULT DECLARATION**

Civil Local Rule 79-5 applies to requests to file documents under seal in civil cases. According to Rule 79-5, the government's Motion to File Under Seal **must** be accompanied by: (A) A declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable; (B) A proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed; (C) A redacted version of the document that is sought to be filed under seal; and (D) An unredacted version of the document sought to be filed under seal. Civ. L.R. 79-5(d). The United States' Motion to File Under Seal is not accompanied by any of these materials. It is, therefore, in violation of local rules and should not be granted in its current form.

However, Petitioners agree that the Government should be allowed to supplement its Motion to File Under Seal with the documents required under Civ. L.R. 79-5(d). In particular, Petitioners believe that the public filing of a redacted version of the Ault Declaration will greatly advance the posture of this Petition.

Civil Local Rule 79-5 is designed to ensure that the court receives the information it needs to assess the validity of the sealing request and, in particular, "that a redacted copy is filed and available for public review that has **the minimum redactions necessary** to protect sealable

information." *Id.* (emphasis added). The reason for this procedure is that, "as a public forum, the Court has a policy of providing to the public full access to documents filed with the Court." Civ. L.R. 79-5(b) Commentary. Public access to the decision-making processes of government actors, including the courts, is a fundamental part of democracy. The local rule, like the First Amendment, doesn't require the public to justify its interest in the proceedings, nor to identify some weighty matter to which the documents are relevant. To the contrary, the right of public access is presumed (by both the local rules and the First Amendment). Sealing and keeping matters sealed is what requires adequate justification.

Petitioners agree with the United States that information which would cause harm to ongoing investigations, place cooperating witnesses in danger, harm the legitimate interests of the United States in enforcing federal criminal law, or invade the privacy of individuals whose personal information is included in those exhibits should not be contained in any public filing. Indeed, the Petition and the Petitioners' Motion make clear that Petitioners, too, want these sensitive matters redacted.

Once these matters are redacted, the remainder of the Ault Declaration should be publicly filed. Not only is this required by the local rules, but also the document appears to contain substantial additional information that would be very helpful to moving the case forward. In particular, in its Objections to Petitioners' Motion to Unseal Docket Sheets, the Government agrees with Petitioners that in this Court there are currently sealed surveillance matters that should be unsealed. D.I. 15 at 4, 21 n.6. What is left, then, is to figure out a process for identifying and unsealing those matters. To this end, the Objections include helpful information about (1) how the U.S. Attorney's Office maintains case files associated with surveillance requests (D.I. 15 at 3 n.2); (2) the variety of orders including surveillance orders[1] that are filed as

---

[1] The United States objects to using the term "surveillance" in connection with the applications and orders that are the subject of the Petition. *See* D.I. 15 at 9 n.4. Contrary to the Government's suggestion, the term "surveillance" implies nothing about the legality or targeted nature of the Government's investigatory efforts. Indeed, Merriam-Webster dictionary defines surveillance as "close watch kept over someone or something." *Surveillance*, Merriam-Webster.com,

(Footnote Continued on Next Page.)

1  "misc" matters (D.I. 15 at 10); (3) the way wiretap and pen register materials are assigned case
2  numbers by the NDCA clerk's office (D.I. 15 at 12, 14); and (4) the common uses of the All
3  Writs Act to authorize the installation of a surveillance camera, to locate witnesses for trial, or to
4  locate fugitives. (D.I. 15 at 20.) In addition, the Declaration likely explains the steps that AUSA
5  Ault took to identify documents potentially responsive to the Petition and/or Petitioners' Moton,
6  the number of documents reviewed, and how long it took. Possibly, the Declaration states, out of
7  all the documents reviewed, how many could be unsealed as is, how many would need to be
8  reviewed for redactions, and how many the government believes should be kept sealed.

9  Having this information would greatly benefit Petitioners as they work with the
10 government and the Court to create a process for identifying materials that can and should be
11 unsealed and to appropriately narrow their Petition request in light of valid limitations on their
12 effort to access important public documents relevant to current surveillance debates.

**PETITIONERS' RESPONSE TO THE UNITED STATES' OBJECTIONS TO THE MOTION TO UNSEAL DOCKET SHEETS SHOULD BE DUE AFTER THE GOVERNMENT PUBLICLY FILES A REDACTED VERSION OF THE AULT DECLARATION**

16 The Ault Declaration is fundamental to the United States' Objections to Petitioners'
17 Motion and, for at least the reasons stated above, relevant to Petitioners' Response. Petitioners'
18 ability to respond to, appropriately narrow, refine, or modify their Motion's (and potentially
19 Petition's) requested relief in light of Ault's investigation will be greatly advanced if Petitioners
20 have a copy of the Declaration. Therefore, to give Petitioners time to draft the Response in light
21 of relevant information that need not be sealed, Petitioners respectfully ask for the Court to reset
22 their Reply due date to one week after the date on which the Government files its redacted
23 version of the Ault Declaration. The Court could order the Government to file the documents
24 mandated by Civ. L.R. 79-5 by March 17th. Petitioners' Response would be due March 24th, and

---

(Footnote Continued from Previous Page.)

https://www.merriam-webster.com/dictionary/surveillance (last visited Feb. 12, 2017). The term is appropriate in this context.

1 that would give the Court ample time to consider all the papers before the April 20th hearing
2 date.

### CONCLUSION

For the reasons stated above, the Government should be required to refile its Motion to File Under Seal in compliance with Civ. L.R. 79-5. The Petitioners' Response should not be due until seven days after that happens, so that the Response can appropriately benefit from the relevant public information not subject to sealing contained in the Ault Declaration.

Respectfully submitted,

Dated: February 13, 2017

_____
JENNIFER STISA GRANICK (SBN 168423)
RIANA PFEFFERKORN (SBN 266817)

*Pro Se*