1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  KIRSTIN M. AULT (CABN 206052)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6940
7       FAX: (415) 436-7234
        Kirstin.ault@usdoj.gov
8
   Attorneys for the United States of America
9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                      OAKLAND DIVISION

13
                                    )    CASE NO. CV 16-80206 MISC. KAW
14  **IN RE: PETITION OF JENNIFER**      )
    **GRANICK AND RIANA PFEFFERKORN**    )
15                                  )    ***EX PARTE* DECLARATION OF AUSA AULT**
                                    )    **IN SUPPORT OF OBJECTIONS TO MOTION**
16                                  )    **TO UNSEAL DOCKET SHEETS AND**
                                    )    **PUBLICLY DOCKET COURT RECORDS**
17                                  )
                                    )    **(UNDER SEAL)**
18  _____)

19         I, Kirstin Ault, make the following declaration under penalty of perjury upon information and

20  belief based on information provided to me by employees of the United States Attorney's Office for the

21  Northern District of California (USAO NDCA):

22         1.    I am an Assistant United States Attorney in the United States Attorney's Office for the

23  Northern District of California.

24         2.    Review of our files indicates that the following types of documents are typically given

25  "MISC" numbers by the Northern District of California (NDCA) clerk's office when filed as part of a

26  pre-charging criminal investigation:

27            •    Applications and orders pertaining to grand jury matters

28            •    Wiretap applications, orders, and associated documents

DECLARATION OF AUSA AULT
NO. CV 16-80206 MISC KAW                    1

- Pen register applications and orders
- Ex parte tax applications, orders, and associated documents
- Search warrant applications, warrants, and associated documents
- Stored Communications Act (SCA) applications, orders, and associated documents
- Applications and orders pertaining to Mutual Legal Assistance Treaty (MLAT) and extradition matters
- All Writs Act applications, orders, and associated documents.

There may be other types of documents that receive miscellaneous numbers from the NDCA clerk's office that were not uncovered during our search. An effort has been made below to provide specific examples of the interests that will be harmed by unsealing the types of documents implicated by Petitioners' Motion. Where possible, documents filed in matters listed on Petitioners' Exhibit A are cited. In other cases, representative documents from other matters are provided as examples.

Documents Not Associated with an AUSA

3. Review of PACER records as well as our internal files indicates that approximately 34 of the matters listed on Exhibit A to Petitioners' Motion are not associated with an AUSA from the NDCA. Several of these matters appear to be associated with cases filed in other districts or appear to be documents initiated by defense counsel, rather than counsel for the United States. For example, CR 08-90542 MISC PVT, appears to be a request by an assistant federal public defender to be appointed counsel prior to a criminal charge being filed. In addition, a number of these matters appear not to involve sealed records. For example, when I clicked on the documents listed in the PACER records for *United States v. Anderson*, CR 09-90709 MISC SI, I was able to view them.

Grand Jury

4. A wide variety of orders relating to the grand jury are filed as "misc" matters. All grand jury matters are filed under seal pursuant to federal rules and statutes that prohibit the disclosure of grand jury materials. Examples of grand jury matters filed under seal include:

- Compulsion and immunity orders for grand jury witnesses, as well as contempt proceedings. These documents necessarily contain the names of grand jury

1   witnesses and may discuss the nature of the grand jury's investigation and its

2   targets;

3   •   Orders relating to grand jury subpoenas, such as non-disclosure orders, which

4   may reveal the nature of the grand jury's investigation, its witnesses, and targets.

5   •   Orders permitting the sharing of grand jury information with state prosecutors.

6   These orders typically contain information about the grand jury's investigation,

7   including the names of targets and witnesses.  Investigations shared with state

8   agencies may be those where a decision was made not to bring federal charges,

9   and the state district attorney or attorney general is considering whether to pursue

10   the matter;

11   •   Orders permitting federal government contractors to have access to grand jury

12   materials.  These order typically contain information about the grand jury's

13   investigation, including the names of targets and witnesses;

14   •   Orders pertaining to the conduct of the grand jury, such as the dismissal of grand

15   jurors for innocuous reasons or for misconduct, the seating of new grand jurors,

16   and the appointment of a replacement foreperson or deputy foreperson.  These

17   orders necessarily contain the names of the grand jurors and may reveal private

18   facts about them.

19   5.   Applications and orders relating to grand jury matters are virtually never unsealed or

20   disclosed except pursuant to a protective order where they are deemed necessary as discovery in a

21   criminal prosecution.  Such protective orders require that the parties to whom grand jury materials are

22   disclosed keep those materials secure and prohibit disclosure of the materials except in connection with

23   the defense of the criminal matter.  Documents concerning a grand jury investigation that did not lead to

24   a criminal prosecution are maintained under seal as required by statute and not disclosed.

25   6.   Attached hereto as Exhibit 1 are ███████████████████████

26   ████████████████████████████████████████████

27   ████████████████████████████████████████████

28   ████████████████████████████████████████████

DECLARATION OF AUSA AULT
NO. CV 16-80206 MISC KAW                3

Wiretaps

8.      Wiretap applications, orders, sealing orders, and associated status reports, are filed under seal as required by law and are typically given a "misc" designation by the NDCA clerk's office, unless they are filed in connection with an already-indicted case.

9.      The documents associated with a wiretap may be titled generically "In the Matter of the Application of the United States for an Order Authorizing the Interception of Wire Communications," or the number of the target telephone may appear in the caption.

10.     Wiretap applications and orders typically contain a variety of private personal information about individuals such as names, social security numbers, birth dates, and telephone numbers. Because wiretap applications and orders are required to name individuals who may be intercepted, they may include such information concerning individuals who are not suspected of criminal activity, such as the wives, girlfriends, relatives, or friends of the target of the investigation. In addition, wiretap applications are often based on previously-recorded conversations which have given rise to probable cause to believe the telephone in question is being used for criminal activity. Such conversations may have been obtained from other wiretaps, and thus, their content is doubly-protected

1  by the wiretap statute.  Where the affidavit refers to a wiretap conducted in another district, that other

2  district would need to be consulted before the existence of the wiretap or details about it could be

3  unsealed.

4       11.    Such matters are virtually never unsealed except pursuant to a protective order entered

5  after charges are filed.  The protective order typically prohibits any party who is provided access to

6  wiretap materials from further disseminating the materials, requires that the party store the materials in

7  secure fashion, prohibits use of the materials outside of the needs of charged criminal case, and provides

8  that all materials must be returned or destroyed at the end of the case.

9       12.    Wiretap matters that do not result in criminal charges typically remain sealed as required

10  by statute and are not disclosed outside of the prosecutors and investigators who were involved in

11  obtaining and conducting the wiretap.  Consistent with the purposes of the statute, this is to protect the

12  privacy of individuals who are investigated of criminal activity but who are not ultimately charged.

13       13.    We were unable to determine whether any of the documents filed in the miscellaneous

14  matters identified on Petitioners' Exhibit A are wiretap applications, orders, or related documents.

15

16

17

18

19

20

21

22

23

24

25

26

27

28



Pen Registers / Trap and Trace Orders

17.     Pen register applications and orders are filed under seal as required by law.  Pen register applications contain descriptions of the investigation sufficient to provide reasonable cause to believe the communications facility is being used in criminal activity.  Such explanations may discuss confidential informants, cooperating witnesses, on-going wiretaps, grand jury matters, and may disclose law enforcement techniques.  Such matters are unsealed typically only pursuant to a protective order entered after charges are filed.  Pen registers that do not result in criminal charges typically remain

1  sealed as required by statute and are not disclosed outside of the prosecutors and investigators who were

2  involved in obtaining and conducting the pen register.

Ex Parte Tax Orders

19     20.     Applications and orders for tax information to be used in a criminal investigation are filed

20  under seal as required by statute.  Such information may discuss confidential informants, cooperating

21  witnesses, wiretap investigations, grand jury matters, and law enforcement techniques.  Such

22  applications and orders necessarily include the names, social security numbers, addresses, and other

23  private information of the tax payers at issue, as well as significant details regarding the investigation.

24     21.     Ex Parte tax applications and orders are typically unsealed only pursuant to a protective

25  order issued in connection with discovery as part of an indicted criminal case.  The protective order

26  typically prevents further disclosure of the application and order.

27     22.     Sealed ex parte tax applications and orders issued in investigations that do not lead to

28  criminal charges are typically not unsealed.



Search Warrants – Physical Location

26.    Search warrants for physical locations (i.e. buildings, cars, businesses) may be filed under seal pursuant to a sealing request that sets forth the reasons the documents need to be under seal.  A detailed affidavit establishing probable cause to believe that evidence of a crime will be found in the location to be searched accompanies the warrant application.  Such an affidavit may identify cooperating witnesses, confidential sources, wiretap information, grand jury matters, and law enforcement

1   techniques. Even where confidential sources and undercover agents are not identified by name, the

2   details provided about their activities may provide clues to their identities. Because search warrants are

3   issued for places to be searched, they may involve locations that are owned by or associated with

4   individuals who are not themselves suspected of criminal activity. A copy of the warrant is required to

5   be left at the location being searched, unless the court has authorized a "sneak and peak" warrant, in

6   which case a copy of the warrant must be served within the time specified by the court.

7          27.      Search warrants may be unsealed generally or may be unsealed under the terms of a

8   protective order that prohibits disclosure to persons other than the parties to a case.

9          28.      Sealed search warrants conducted in investigations that do not lead to criminal charges

10  are typically not unsealed but are served as required by Federal Rule of Criminal Procedure 41.

1

2      Search Warrant – Electronic Evidence

3      33.     Search warrants for electronic evidence (i.e. e-mail, Facebook pages, pay pal records,

4      etc.) are served on the service provider.  Whether the service provider provides notice to the account

5      holder is subject to the service provider's internal policies.  These types of warrants and applications

6      may be filed under seal and be subject to a non-disclosure order issued by the court upon a showing of

7      good cause. The non-disclosure order expires at a time set by the court.  At such time, the service

8      provider may provide notice to the account holder, subject to the service provider's internal policies.

9      34.     Search warrants for electronic evidence may be unsealed generally or may be unsealed

10     under the terms of a protective order that prohibits disclosure to persons other than the parties to a case.

11     35.     Sealed search warrants conducted in investigations that do not lead to criminal charges

12     are typically not unsealed, although they are served at the time designated by the court.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Search Warrants – Trackers

41.     Search warrants to install a tracking device on a vehicle or to track a cellular telephone using GPS or other data are typically filed under seal, as the purpose of the tracking warrant would be frustrated by the target knowing that he or she was being surveilled.  For the same reason, tracker warrants are typically accompanied by orders that permit delayed service of the warrant until such time as designated by the court.

42.     Search warrants for tracking may be unsealed generally or may be unsealed under the terms of a protective order that prohibits disclosure to persons other than the parties to a case.

43.     Tracking warrants conducted in investigations that do not lead to criminal charges are typically not unsealed, although they are served at the time designated by the court.



DECLARATION OF AUSA AULT
NO. CV 16-80206 MISC KAW                    11



DECLARATION OF AUSA AULT
NO. CV 16-80206 MISC KAW          12

Stored Communications Act (SCA)

52.     SCA orders, typically obtained pursuant to 18 U.S.C. § 2703(d), (i.e. records related to e-mail, Facebook pages, pay pal records, etc.) are served on the service provider.  Whether the service provider provides notice to the account holder is subject to the service provider's internal policies.  These types of orders may be filed under seal and subject to a non-disclosure order issued by the court upon a showing of good cause.  The non-disclosure order expires at a time set by the court.  At such time, the service provider may provide notice to the account holder, subject to the service provider's internal policies.  Applications for such orders contain a detailed explanation of why the information is necessary to a criminal investigation.  Such information may discuss confidential informants, cooperating witnesses, wiretap investigations, grand jury matters, and law enforcement techniques.

53.     SCA orders may be unsealed generally or may be unsealed under the terms of a protective order that prohibits disclosure to persons other than the parties to a case.

54.     Sealed SCA orders conducted in investigations that do not lead to criminal charges are typically not unsealed, although they are served at the time designated by the court.

Mutual Legal Assistance Treaty (MLAT) / Extradition

56.     Where the country issuing an MLAT or extradition petition requests confidentiality, the

1   associated MLAT or extradition documents are typically filed under seal. Such requests are typically

2   governed by treaties that require the United States to respect requests for confidentiality where possible.

3   Such treaties typically provide the that the requesting country be informed if the request for

4   confidentiality is not going to be honored. Such requests are typically not unsealed unless legal action is

5   taken against the target in the United States or upon request by the issuing country. The NDCA USAO

6   is typically not informed of the progress or outcome of the investigation conducted in the foreign

7   country, and, absent further diplomatic communications, has no way of knowing whether the need for

8   confidentiality has expired.

23   <u>All Writs Orders – Pole Cameras</u>

24       59.    Although the law does not require a court order to install a surveillance camera that

25   covers areas only open to public view, some service providers require court orders before such cameras

26   can be installed on their property (i.e.                       utility poles). Orders

27   for such cameras are obtained pursuant to the All Writs Act and are served on the service provider.

28   Applications for such orders contain a detailed explanation of why the order is necessary to a criminal

1 | investigation. Such information may discuss confidential informants, cooperating witnesses, wiretap

2 | investigations, grand jury matters, and law enforcement techniques. These types of orders are typically

3 | filed under seal, as the purpose of the order would be frustrated by the target knowing that he or she was

4 | being surveilled.

5 |       60.    Pole camera orders may be unsealed generally or may be unsealed under the terms of a

6 | protective order that prohibits disclosure to persons other than the parties to a case.

7 |       61.    Sealed pole camera orders conducted in investigations that do not lead to criminal

8 | charges are typically not unsealed.

9

10

11

12

13

14

15

16

17

18

19

20 | All Writs Act Orders – Other

21 |       64.    The All Writs Act is used in a variety of circumstances to assist with criminal

22 | investigation and prosecutions. Examples include orders issued to locate witnesses for trial, orders

23 | issued to located fugitives, and other orders that may be necessary to facilitate a criminal investigation.

24 | Because these orders are typically issued during the covert stage of an investigation or to locate a

25 | fugitive or witness who does not wish to be found, they are often filed under seal.

26 |       65.    All writs act orders may be unsealed generally or may be unsealed under the terms of a

27 | protective order that prohibits disclosure to persons other than the parties to a case.

28 |       66.    Sealed all writs act orders issued in investigations that do not lead to criminal charges are

1 | typically not unsealed.

2 |     Protective Orders

3 |     67.     The NDCA USAO does not currently associate miscellaneous matters with indicted

4 | cases. As a result, it is not possible to search the NDCA USAO's electronic records to determine

5 | whether a particular matter with a "misc" case number (such as a search warrant or pen register) was

6 | later unsealed in connection with an indicted case, or whether such documents are subject to a protective

7 | order. To make such a determination, the physical records of discovery provided to the defense in an

8 | indicted matter would need to be searched to determine whether the "misc" matter was included in

9 | documents covered by a protective order. In some cases, due to the age of the case, the manner in which

10 | records were kept by the responsible AUSA, or the fact that the responsible AUSA is no longer with the

11 | Office, it may no longer be possible to make this determination.

12 |     68.     The protective orders used in the NDCA typically prevent the party to whom the

13 | information is disclosed (almost always counsel for the defendant) from disseminating the materials

14 | covered by the protective order or the information contained therein other than as necessary to prepare

15 | for and conduct the defense in the criminal matter. These protective orders almost always require that

16 | the party return or destroy the covered materials at the close of the criminal proceedings.

17 |     69.     Attached hereto as Exhibit 24 is a true and correct copy of a Stipulation and Discovery

18 | Protective Order Between the United States and Defendants issued in case number CR 11-00090-DLJ.

19 | I have been informed by the AUSA in charge of matter CR 11-00090-DLJ that this protective order, or

20 | one similar to it, covers the documents attached as Exhibits 4, 5, 7, 13-15, and 23, as well as other

21 | documents filed in those miscellaneous matters and others. As is typical for this district, the protective

22 | order provides for disclosure of the materials to defense counsel who must store them in a secure

23 | location, may not disclose them except to members of the defense team, may use them only to prepare

24 | the defense of the case, and must return or destroy them at the end of the case. The AUSA in charge of

25 | this matter informed me that the documents in the matters discussed above were unsealed for the limited

26 | purpose of providing discovery and remain sealed for all other purposes.

27

28

1       I declare under penalty of perjury that the above is true and correct to the best of my knowledge

2 and belief.

3

4 DATED: February 10, 2017

                                  KIRSTIN M. AULT

5                                   Assistant United States Attorney

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1
# REDACTED

# EXHIBIT 2
# REDACTED

# EXHIBIT 3
# REDACTED

# EXHIBIT 4
# REDACTED

# EXHIBIT 5
# REDACTED

# EXHIBIT 6
# REDACTED

# EXHIBIT 7
# REDACTED

# EXHIBIT 8
# REDACTED

# EXHIBIT 9
# REDACTED

# EXHIBIT 10
# REDACTED

# EXHIBIT 11
# REDACTED

# EXHIBIT 12
# REDACTED

# EXHIBIT 13
# REDACTED

# EXHIBIT 14
# REDACTED

# EXHIBIT 15
# REDACTED

# EXHIBIT 16
# REDACTED

# EXHIBIT 17
# REDACTED

# EXHIBIT 18
# REDACTED

# EXHIBIT 19
# REDACTED

# EXHIBIT 20
# REDACTED

# EXHIBIT 21
# REDACTED

# EXHIBIT 22
# REDACTED

# EXHIBIT 23
# REDACTED

# EXHIBIT 24

1   MELINDA HAAG (CABN 132612)
United States Attorney

2   MIRANDA KANE (CABN 150630)

3   Chief, Criminal Division

4   JOHN N. GLANG (GUAMBN 94012)
Assistant United States Attorney

5
150 Almaden Boulevard, Suite 900
6   San Jose, California 95113
Telephone: (408) 535-5084
7   Facsimile:  (408) 535-5066
Email: John.Glang@usdoj.gov

8
Attorneys for the United States of America

9

**FILED**

SEP 2 8 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13   UNITED STATES OF AMERICA,          )   No. CR 11-00090-DLJ
                                        )
14          Plaintiff,                  )   STIPULATION AND [PROPOSED]
                                        )   DISCOVERY PROTECTIVE ORDER
15     v.                               )   BETWEEN  THE UNITED STATES AND
                                        )   DEFENDANTS
16   JOSE MARTIN RAMIREZ GOMEZ,         )
     ZOSI AMBROSIO,                     )
17   BRENDA SUE RAMIREZ,                )
     RICHARD MICHAEL BRADY,             )
18   DAVID JAMES BRAUN,                 )
     GAYLE MARRIE CUTTS,                )
19   MARGO LAURA EIGHMY,                )
     CHARLES LOUIS FISHER,              )
20   BRIGITTE DENISE GAFFORD,           )
     KARINA GARCIA,                     )
21   LLOYDENE LEA RENNACKER,            )
     JEANNE SUSAN RIXON,                )
22   STEVEN EUGENE STERLING,            )
     SUSANA VIOLETA VALENCIA,           )
23   MATTHEW AARON VAN NUYS,            )
     HALEY JANE WRIGHT,                 )
24                                      )
            Defendants.                 )
25                                      )

26

27        The above-captioned defendants and the United States of America, by and through their

28   counsel of record, hereby agree and stipulate as follows:

1

1        1.    This Court may enter protective orders pursuant to Rule 16(d) of the Federal

2    Rules of Criminal Procedure, and its general supervisory powers.

3        2.    This Order pertains to all discovery provided to or made available to defense

4    counsel as part of discovery in the above-cited case.

5        3.    The discovery and information therein may only be used in connection with the

6    litigation of this case and for no other purpose.  Defense counsel will return the discovery to the

7    government, or certify that it has been shredded at the conclusion of the case, which includes

8    appellate review and the resolution of any competency of counsel issues.

9        4.    Defense counsel shall not provide any of the discovery to any person other than

10   to his/her respective defendant/client, or attorneys, law clerks, paralegals, secretaries, experts,

11   and investigators involved in the representation of his/her defendant/client, for the purpose of

12   said representation.  Further, in disclosing discovery to defendants, personal information

13   contained in the discovery, including individuals' dates of birth, addresses (physical and email),

14   telephone numbers, social security numbers, and driver's license numbers, shall be redacted, and

15   shall not be provided to any defendant in any manner or form.

16       5.    Defense counsel shall advise his/her respective defendant/client, employees,

17   other authorized members of the defense team and defense witnesses of the terms of this

18   stipulation and order, and that use of the subject discovery materials for a purpose other than in

19   connection with the litigation of this case may be subject to criminal sanctions.

20       6.    Defense counsel will store the discovery in a secure place and will exercise due

21   diligence to ensure that it is not disclosed to third persons in violation of this agreement.

22   Similarly, if defense counsel makes or causes to be made, copies of any of the discovery, defense

23   counsel will exercise due diligence to maintain control of said copies and to ensure that said

24   copies are stored in a manner to safeguard against the inappropriate use of said materials.

25

26   DATED:   September 27, 2011          MELINDA HAAG
                                        United States Attorney
27

28                                       /s/
                                      JOHN N. GLANG
                                      Assistant United States Attorney

1
                              /s/
2     BRUCE CHARLES FUNK
      Attorney for defendant Jose Martin Ramirez Gomez

3                             /s/
4     HUGH ANTHONY LEVINE
      Attorney for defendant Brenda Sue Ramirez

5                             /s/
6     THOMAS J. FERRITO
      Attorney for defendant Zosi Ambrosio

7                             /s/
8     JAMES McNAIR THOMPSON
      Attorney for defendant Richard Michael Brady

9                             /s/
10    ADAM V. PENNELLA
      Attorney for defendant David James Braun

11                            /s/
12    GRAHAM E. ARCHER
      Attorney for defendant Gayle Marrie Cutts

13                            /s/
14    JERRY Y. FONG
      Attorney for defendant Margo Laura Eighmy

15                            /s/
16    JEANE DeKELVER
      Attorney for defendant Charles Louis Fisher

17                            /s/
18    MICHELLE D. SPENCER
      Attorney for defendant Brigitte Denise Gafford

19                            /s/
20    SUZANNE M. MORRIS
      Attorney for defendant Karina Garcia

21                            /s/
22    WM. MICHAEL WHELAN, JR.
      Attorney for defendant Lloydene Lea Rennacker

23                            /s/
24    MARY E. CONN
      Attorney for defendant Jeanne Susan Rixon

25                            /s/
26    FRANK BELL
      Attorney for defendant Steven Eugene Sterling

27                            /s/
28    VICKI H. YOUNG
      Attorney for defendant Susana Violeta Valencia

                            3

1

2

/s/
CHESTER J. PHILLIPS, JR.
Attorney for defendant Matthew Aaron Van Nuys

3

4

/s/
ALFREDO M. MORALES
Attorney for defendant Haley Jane Wright

5

6

### ORDER

7

8

9

Based upon the stipulation of the parties, and for good cause shown, the Court hereby ORDERS that the terms of the stipulation between the United States and the above-captioned defendants pertaining to the discovery in this case be imposed.

10

11

IT IS SO ORDERED.

12

13

DATED:   9/28/ ل)

14

15

HOWARD R. LLOYD
United States Magistrate Judge
Northern District of California

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    J. DOUGLAS WILSON (DCBN 412811)
3   Chief, Criminal Division

4   JOHN N. GLANG (GUAMBN 94012)
    Assistant United States Attorney
5
        150 Almaden Boulevard, Suite 900
6       San Jose, California 95113
        Telephone: (408) 535-5084
7       Fax: (408) 535-5066
        E-mail: john.glang@usdoj.gov
8
    Attorneys for United States of America
9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                       SAN JOSE DIVISION

13

14  UNITED STATES OF AMERICA,              )   CASE NO. 11-00090-DLJ
                                           )
15          Plaintiff,                     )   STIPULATION AND [PROPOSED] DISCOVERY
                                           )   PROTECTIVE ORDER BETWEEN THE UNITED
16      v.                                 )   STATES AND THE DEFENDANT
                                           )
17  JESUS TORRES SANCHEZ,                  )
                                           )
18          Defendant.                     )
                                           )
19

20          The above-captioned defendant and the United States of America, by and through their counsel

21  of record, hereby agree and stipulate as follows:

22          1.      This Court may enter protective orders pursuant to Federal Rule of Criminal Procedure

23  16(d) and its general supervisory powers.

24          2.      This Order pertains to all discovery provided to or made available to defense counsel as

25  part of discovery in the above-captioned case.

26          3.      The discovery and information therein may only be used in connection with the litigation

27  of this case and for no other purpose.  Defense counsel will return the discovery to the government, or

28  STIPULATION AND [PROPOSED] DISCOVERY PROTECTIVE ORDER BETWEEN THE
    UNITED STATES AND THE DEFENDANT
                                            1

1  certify that it has been shredded at the conclusion of the case, which includes appellate review and the

2  resolution of any competency of counsel issues.

3       4.    Defense counsel shall not provide any of the discovery to any person other than

4  to his/her respective defendant/client, or attorneys, law clerks, paralegals, secretaries, experts, and

5  investigators involved in the representation of his/her defendant/client, for the purpose of said

6  representation.  Further, in disclosing discovery to the defendant, personal information contained in the

7  discovery, including individuals' dates of birth, addresses (physical and email), telephone numbers,

8  social security numbers, and driver's license numbers, shall be redacted, and shall not be provided to the

9  defendant in any manner or form.

10       5.    Defense counsel shall advise his client, employees, other authorized members of the

11  defense team, and defense witnesses of the terms of this stipulation and order, and that use of the subject

12  discovery materials for a purpose other than in connection with the litigation of this case may be subject

13  to criminal sanctions.

14       6.    Defense counsel will store the discovery in a secure place and will exercise due

15  diligence to ensure that it is not disclosed to third persons in violation of this agreement.  Similarly, if

16  defense counsel makes or causes to be made, copies of any of the discovery, defense counsel will

17  exercise due diligence to maintain control of said copies and to ensure that said copies are stored in a

18  manner to safeguard against the inappropriate use of said materials.

19

20  It is so stipulated:

21  Dated: October 30, 2014                  /s/

                                     JOHN N. GLANG

22                                       Assistant United States Attorney

23                                       Northern District of California

24  It is so stipulated:

25  Dated:  October _30, 2014                /s/

                                     DAVID L. PLOTSKY

26                                       Attorney for defendant Jesus Torres Sanchez

27

28  STIPULATION AND [PROPOSED] DISCOVERY PROTECTIVE ORDER BETWEEN THE
UNITED STATES AND THE DEFENDANT

                    2

1

<u>ORDER</u>

2
Based upon the stipulation of the parties, and for good cause shown, the Court hereby

3
ORDERS that the terms of the stipulation between the United States and the above-captioned

4
defendant pertaining to the discovery in this case be imposed.

5

6
Dated: ___11/3/14___

7
HOWARD R. LLOYD
United States Magistrate Judge
Northern District of California

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
STIPULATION AND [PROPOSED] DISCOVERY PROTECTIVE ORDER BETWEEN THE
UNITED STATES AND THE DEFENDANT
3