JENNIFER STISA GRANICK (SBN 168423)
jennifer@law.stanford.edu
RIANA PFEFFERKORN (SBN 266817)
riana@law.stanford.edu
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 736-8675
Facsimile: (650) 725-4086

*Pro Se* Petitioners

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE:<br>PETITION OF JENNIFER GRANICK AND RIANA PFEFFERKORN TO UNSEAL TECHNICAL-ASSISTANCE ORDERS AND MATERIALS | MISC. CASE NO.: 16-mc-80206-KAW<br><br>**PETITIONERS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO UNSEAL DOCKET SHEETS AND PUBLICLY DOCKET COURT RECORDS**<br><br>**Noticed Hearing:**<br>**Date:** May 4, 2017<br>**Time:** 11:00 a.m.<br>**Place:** Courtroom 4<br>**Judge:** Hon. Kandis A. Westmore |

On September 28, 2016, Petitioners Jennifer Granick and Riana Pfefferkorn filed the instant Petition to Unseal Technical-Assistance Orders and Materials. (Dkt. No. 1.) On January 12, 2017, Petitioners filed a motion to unseal docket sheets and publicly docket unsealed court records ("Motion"). (Dkt. No. 8.) The Motion is set for hearing on May 4, 2017. (Dkt. No. 24.) On April 17, 2017, the Court ordered Petitioners to submit supplemental briefing on questions enumerated in the order. (Dkt. No. 25.) Petitioners hereby file this supplemental brief as required by the Court. The questions posed in the order and Petitioners' responses are set forth below. In sum, this request for relief is properly filed as a Petition to the Court in a miscellaneous case because that is the best and indeed sole way for us to get the relief we seek, namely, access to criminal matters' records which the Court holds broad supervisory power to control.

**1. Why is this case being brought as a miscellaneous case?**

This Petition is filed as a miscellaneous case because it is the only way to achieve the relief Petitioners seek, and because doing so is consistent with how other courts have handled similar efforts to unseal multiple surveillance matters at a time, for example in *In re Application of Jason Leopold to Unseal Certain Electronic Surveillance Applications and Orders*, No. 13-mc-00712 (D.D.C. filed July 16, 2013) (seeking to unseal years' worth of pen register orders filed in that court) (hereinafter *Leopold*).

Petitioners ask this Court to unseal its surveillance matters that no longer need to remain under seal, consistent with the public's First Amendment and common-law rights to access court records and proceedings. (*See* Dkt. No. 2.) Surveillance matters are typically docketed in this Court as criminal miscellaneous matters. (*See* Dkt. No. 8 at 2-3.) Were Petitioners seeking to unseal records in a particular, known matter, one proper approach would be to file a motion to intervene in that matter, using that miscellaneous case number, and then ask to unseal the records. This Circuit recognizes this as one proper mechanism for unsealing records. *E.g.*, *United States v. Brooklier*, 685 F.2d 1162, 1168 (9th Cir. 1982). Intervention is also the proper way to seek unsealing in a specific civil case. FED. R. CIV. P. 24; *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999) (newspaper successfully obtained writ from

appellate court after district court erroneously denied its petition to intervene and unseal).

However, the relief we seek precludes us from intervening on a case-by-case basis. We cannot move to intervene and unseal within the context of any particular surveillance matter for two reasons: First, Petitioners seek to unseal multiple miscellaneous criminal matters. Second, those matters are secret. We cannot intervene in individual sealed cases whose very existence is closed off from the public. No one knows what the case numbers of these surveillance matters are, except this Court and possibly the United States Attorney's Office. Thus, unless Petitioners file as a new miscellaneous matter, we have no avenue to seek relief.

Requests to unseal are not limited to motions to intervene in the underlying matter. They are properly entertained as new, separate cases, too. *E.g.*, *Carlson v. United States*, 837 F.3d 753, 757 (7th Cir. 2016) (petition to disclose grand jury transcripts); *In re Craig*, 131 F.3d 99, 100-01 (2d Cir. 1997) (same). Filing a new miscellaneous matter is the procedure commonly used in the federal district court for the District of Columbia, which allows journalists to seek to unseal judicial records via miscellaneous cases. Those requests may encompass multiple surveillance matters. In *Leopold*, a journalist successfully filed as a miscellaneous matter an Application seeking to unseal years' worth of pen register orders filed in the D.C. District Court. No. 13-mc-00712 (D.D.C. filed July 16, 2013). The Reporters Committee for Freedom of the Press filed an Application as a miscellaneous matter when seeking to unseal the surveillance matters associated with the government's completed investigation and prosecution of a former State Department official. *In re Application of Reporters Comm. for Freedom of the Press for Access to Certain Sealed Court Records*, No. 16-mc-2183 (D.D.C. filed Oct. 21, 2016) (seeking unsealing of search warrants, pen register orders, and 18 U.S.C. § 2703(d) orders; on government's motion, court unsealed materials relating to 12 miscellaneous matters). A newspaper filed a miscellaneous case seeking to unseal search warrant materials relating to alleged campaign-finance violations. Ultimately, the court unsealed materials filed in connection with 18 search warrants spanning three years. *In re WP Co. LLC*, 201 F. Supp. 3d 109, 112 (D.D.C. 2016).

The D.C. District Court's local rules make it clear that petitions to unseal should be filed

as miscellaneous actions. D.D.C. LCrR 17.2(c) ("Any news organization or other interested person may be heard orally or in writing in opposition to a closure motion by a party. When any papers are filed by a non-party opposing closure, the matter shall be assigned a Miscellaneous docket number"). The Northern District of California's rules on miscellaneous matters are less clear, and there is no explicit approval, or prohibition, on filing petitions to unseal as miscellaneous matters. Nor do the local rules indicate any different way to file for such relief. However, in practice, miscellaneous cases in this District may involve matters akin to the one at bar. For example, miscellaneous cases can include motions for the names of grand jurors unrelated to a particular trial.[1] That is somewhat analogous to our Petition: we seek to unseal criminal surveillance-matter records, but the request is not tied to one particular investigation.

Filing this as a civil complaint would be inappropriate. As explained in response to question #3 below, there is no proper defendant in this matter. The Court, and the Court alone, exercises control over its own records. That means that Petitioners cannot get relief by suing some other defendant. A civil action suing the Court rather than petitioning the Court would be an unnecessary, suboptimal vehicle for seeking relief. It would also be strange. Cases legitimately naming courts as defendants are almost always, if not always, mandamus actions before the appellate court, on appeal from a district court's denial of relief in some pre-existing case. Therefore, filing a miscellaneous matter seems the best, if not the only, way to achieve the relief Petitioners seek from this Court.[2]

**2. What is the legal vehicle by which Petitioners are asking for this relief (i.e., writ of mandate, injunctive relief)? Is a petition the proper vehicle by which to seek that relief?**

Petitioners are petitioning this Court to unseal its own records for certain surveillance

---

[1] *See* N.D. Cal. General Order No. 6 (Feb. 19, 2015), http://www.cand.uscourts.gov/filelibrary/120/GO%206%20adopted%202-19-15_final.pdf ("A motion for the names of grand jurors that is not related to a particular trial may be made by filing a Miscellaneous Action with the Clerk of Court.").

[2] Further, Petitioners seek prospective changes to the Court's policies to enhance public access to surveillance matters going forward. (*See* Dkt. No. 1 at 1-2.) Intervening in individual cases does not lend itself to seeking prospective changes to judicial policies and practices.

matters. (*See* Dkt. No. 1 at 1-2.) The Court could accomplish this by entering an order in the instant action, and/or by entering multiple orders in the pertinent cases themselves under those (currently secret) criminal miscellaneous case numbers. *See, e.g.*, *In re Reporters Comm. for Freedom of the Press*, 128 F. Supp. 3d 238, 242 (D.D.C. 2015) (hereinafter *RCFP*) (RCFP filed an Application as a miscellaneous civil action to unseal records in a separate criminal case; court granted the Application by unsealing numerous filings in the criminal case).

A petition is a proper vehicle to seek the issuance of a court order unsealing judicial records. *E.g.*, *In re Kutler*, 800 F. Supp. 2d 42, 43, 50 (D.D.C. 2011) (granting petitioners' petition for an order directing the release of a transcript of grand jury testimony by President Nixon); *see also Carlson*, 837 F.3d at 757, 767 (affirming order granting petition to disclose grand jury testimony transcripts); *In re Craig*, 131 F.3d at 101, 107 (affirming denial of petition for same). It is not, however, the *exclusive* vehicle. Such requests may also be styled as "Applications," as in *RCFP* and *Leopold*, or as "Motions." *E.g.*, *Indianapolis Star v. United States (In re Fair Fin.)*, 692 F.3d 424, 428 (6th Cir. 2012) (newspapers filed motion to unseal search warrants). Regardless of the form, this Court has the power to issue an order unsealing records it has previously sealed, as explained in response to question #4 below.

Prospectively, Petitioners ask the Court to consider periodically whether sealed documents should remain sealed. (Dkt. No. 1 at 2.) "Every court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). We are asking the Court to exercise that power by regularly reviewing the continued need for sealing. Petitioners and the public have no visibility into sealed dockets, so absent regular review by the Court, there is no reliable guarantee that records will consistently be unsealed when they ought to be. A Petition is proper vehicle to seek this relief because it asks the Court to make a decision that is within its authority. As discussed in response to question #4, that decision could take many forms, such as an individual judge's standing order or a General or Miscellaneous Order.

We do not seek any injunction or writ. Writs of mandamus have been abolished in the district courts, Fed. R. Civ. P. 81(b), and we are not asking the Court to issue any kind of writ

compelling someone else to take any action. *See* 28 U.S.C. §§ 1361 (permitting mandamus-type actions against government officers), 1651 (All Writs Act). We are asking the Court itself to do something that is within its inherent powers, and so we petitioned the Court directly.

3. **From whom is the petition seeking relief (i.e., the district court of the Northern District of California, the Administrative Office of the U.S. Courts, the United States)? Shouldn't that party be named as a defendant in this case and given the opportunity to defend against Petitioners' request for relief?**

Petitioners are asking the District Court for the Northern District of California to unseal certain surveillance matters. The Court may grant this relief through the Petition, and should not be named as a defendant party.

As noted, the Court exercises supervisory power over its own records. *Nixon*, 435 U.S. at 598. The Court's decision to unseal court records is within its discretion, subject to applicable statutes.[3] *United States v. Schlette*, 842 F.2d 1574, 1577 (9th Cir. 1988), *amended by* 854 F.2d 359 (9th Cir. 1988) (citations omitted). The Federal Rules also give district courts substantial leeway to decide their practices in criminal matters. *See* FED. R. CRIM. P. 57(b).

These authorities empower the Court to grant or deny the Petition in its present form. Members of the press and the public regularly ask courts to unseal criminal records but do not sue the court as a defendant. *E.g.*, *In re Newsday, Inc.*, 895 F.2d 74, 75 (2d Cir. 1990) (application by newspaper seeking limited unsealing by court of search warrant affidavit); *RCFP*, 128 F. Supp. 3d at 239 (application to court to unseal records in separate criminal matter); *In re Kutler*, 800 F. Supp. 2d at 43 (petition to court to unseal Nixon grand jury transcript, based "on the Court's inherent supervisory authority to order [its] release").

As explained in response to question #6, a lawsuit against the Court would be anomalous and confusing. It is also unnecessary given the Court's inherent authority over its records, which is so absolute that even an informal letter to the court, asking it to *sua sponte* unseal records, can suffice to get relief. *See, e.g.*, Tom Isler, *First Step in Unsealing Court Records: Try Asking*,

---

[3] For example, 18 U.S.C. § 3123(d) governs the unsealing of the post-investigation pen register/trap-and-trace orders the Petition asks the Court to unseal. (Dkt. No. 1 at 1-2.)

38(4) THE NEWS MEDIA AND THE LAW 8 (Fall 2014), https://www.rcfp.org/browse-media-law-resources/news-media-law/news-media-and-law-fall-2014/first-step-unsealing-court-re.

Petitioners did not bring this case as a civil action naming the United States as a defendant because the decision whether to unseal court records and files is the Court's, not the government's. The fact that surveillance matters remain sealed long past the appropriate date is attributable to the lack of policies in place for the Court to regularly revisit its initial sealing decisions. The government alone cannot change that fact. The government might ask the Court to unseal records, but it is the Court that ultimately issues the order to do so. Thus, while we welcome the government's participation in advising the Court on the unsealing of materials the government filed (*see* Dkt. No. 6), suing the government to get records unsealed would be superfluous and inadequate. Control over the Court's records resides always with the Court. As to prospective relief, the government cannot dictate to the Court what practices to adopt, though again, its offer to help is welcome.[4]

Nor can we ask the Administrative Office (AO) to grant the relief we seek in this Court. The AO has no authority to unseal records under the Court's control, and as noted in the response to question #4 below, the AO does not prevent the Court from adopting its own practices.

**4. Can the Court grant the relief sought when docketing and ECF policies are not decided by the individual district courts? Should relief of this magnitude have to be pursued through the Administrative Office of the U.S. Courts?**

Yes, the Court can grant the relief Petitioners request.

Petitioners interpret this question as addressing the elements of prospective relief identified in the Petition that dealt with the Court's ECF and docketing practices. (*See* Dkt. No. 1 at 1-2.) We now understand that those elements did not accurately reflect the Court's current practices, and have filed a correction. (*See* Dkt. No. 7.) Therefore, of the prospective relief

---

[4] Dkt. No. 15 at 21-22 & n.6 ("The decision of whether, and if so how, to establish a protocol going forward … is a matter within the Court's administrative responsibility. As an institutional litigant with an interest in this matter, the USAO is willing to assist the Court in whatever manner the Court might deem appropriate in fashioning such a protocol.").

sought in the Petition, item (1) and the first clause of item (4) (relating to case numbering, docketing, and ECF entry) are moot. (*See* Dkt. No. 1 at 1-2.)

The only prospective relief Petitioners still request is the adoption of a practice for periodic review and unsealing of sealed surveillance records. (*Id.* at 2.) That request is within the Court's power. The Court's inherent authority to control its records and files allows it to decide to periodically revisit its sealing decisions *sua sponte*, without awaiting a motion by the government or the press. For criminal matters in particular, the Court has flexibility in setting its practices. In the absence of express authority to the contrary, the Court "may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." FED. R. CRIM. P. 57(b). The Petition seeks relief from this Court as to this Court's practices only, so there is no need to seek relief from the AO.

The Court may also grant the retrospective relief Petitioners seek (the unsealing of certain existing court records including docket sheets). (*See* Dkt. No. 2 at 2-3.) Unsealing those records does not require the Court to deviate from the policies and rules already in place. In unsealing existing documents presently under seal, the Court would proceed as it usually does, following applicable statutory provisions and federal and local rules. This process does not require AO involvement, either. The AO does not dictate which of a court's records the court chooses to disclose. That is for the Court to decide, subject to applicable statutes. *Schlette*, 842 F.2d at 1577.

In short, the Court is free to grant the prospective and retrospective relief we request. An individual judge has the authority to set her own practices and unseal records she has sealed in the past, regardless of whether she can order the other judges to do so. Every judge in this District would be free to adopt a practice of periodic review and unsealing and memorialize it in their standing orders. At the District-wide level, the Chief Judge could set the policy of the Court through a General or Miscellaneous Order, as noted in the response to question #5 below.

**5. What authority exists that will permit one judge to overturn the individual determinations made by other judges to seal particular documents?**

This Court has inherent supervisory authority over its own judicial records. *Nixon*, 435 U.S. at 598. An order to unseal a document that another judge previously sealed is not

"overturning" that judge's sealing determination. The Petition's request for retrospective relief should not be construed to suggest that any judge's original sealing order was erroneous. Rather, what Petitioners assert is that, at this juncture,[5] records that originally were properly sealed may now be unsealed. That is a new, separate decision that accounts for changed circumstances—primarily the passage of time—and not an overturning of a previous decision. For these reasons, this Court has the authority and the liberty to consider whether judicial records currently sealed should remain so, regardless of which judge initially issued the sealing order.

That said, it may be appropriate to reassign this case to Chief Judge Hamilton.[6] Decisions affecting multiple cases assigned to different judges might better be made by the Chief Judge. *See, e.g.*, Civ. L.R. 1-5(j) (governing General Orders, which "are made by the Chief Judge or by the Court relating to Court administration"); Miscellaneous Orders, United States District Court, Northern District of California, http://cand.uscourts.gov/misc-orders ("Miscellaneous orders relate to multiple cases or to issues of court policy" and are "[t]ypically signed by the Chief Judge").

If the Court believes that the Chief Judge is the appropriate authority to rule on Petitioners' requests for retrospective relief affecting multiple judges' cases and prospective relief changing Court practices, Petitioners do not object to having the case reassigned.

**6. If this is not properly a miscellaneous case, why should the Court not dismiss the case and require that it be re-filed as a civil case against the party from whom the Petitioners are seeking relief?**

A miscellaneous case is the proper and only mechanism to bring this action, and the Court may grant us the relief we seek by deciding on the Petition as filed. As explained in response to question #3, Petitioners do not seek relief from anyone else, because no one else can grant it. That is, were this case re-filed as a civil case, there would be no parties to name.

---

[5] Petitioners seek *only* materials "from cases where there is no longer any need for secrecy, *e.g.*, the criminal investigation has terminated, the surveillance order (including any delayed-notice order) has expired, or charges have been filed." (Dkt. No. 2 at 3.)

[6] Petitioners could not get this Petition assigned directly to the Chief Judge when filing it, because civil cases are assigned off the wheel. *See* Civ. L.R. 3-3(a).

Forcing Petitioners to file a civil complaint suing this Court is a dubious solution in search of a nonexistent problem. There are no fatal deficiencies in the Petition that require dismissal and re-filing to cure. As the foregoing answers explain, the Petition is procedurally proper, and the Court has the power to entertain it as-is. At most, it might be better placed in front of the Chief Judge, but that is a question of reassignment, not dismissal and re-filing (which would only perpetuate the issue, since the re-filed action would just be assigned off the wheel again). That is, dismissal and re-filing would do nothing to improve on the Petition as filed.

At the same time, dismissal and re-filing would have a considerable downside. Suing the Court as a defendant in its own forum is highly unusual, verging on unheard-of.[7] It would waste the resources that Petitioners and the government have already put into the present action. It would add confusing procedural questions (would the Court rule against itself as a defendant and order itself to unseal?), the litigation of which would complicate and draw out the resolution of the case. And it would perpetuate the injury for which Petitioners are seeking relief. The Petition has already been pending for nearly seven months, so dismissal and re-filing would extend the ongoing denial of Petitioners' and the public's constitutional and common-law rights of access.

In sum, the Petition is properly filed as a miscellaneous case seeking relief from the Court, and dismissal and re-filing as a civil complaint would have major drawbacks without any benefit. Therefore, the Court should not dismiss the Petition.

Respectfully submitted,

Dated: April 21, 2017

/s/
JENNIFER STISA GRANICK (SBN 168423)
RIANA PFEFFERKORN (SBN 266817)

*Pro Se*

---

[7] CM/ECF shows only a handful of cases in this District naming the Court as a defendant. They are all from *pro se* plaintiffs (including prisoners), often against a plethora of judicial and executive-branch officials and institutions. *See Ignacio v. U.S. Dep't of Justice et al.*, No. 01-cv-20278; *Pierson v. Patel, et al.*, No. 06-cv-04478; *Foley v. Bates et al.*, No. 06-cv-07294; *Jordan v. District Court Judge*, No. 12-cv-03159; *Miller v. District Court, et al.*, No. 16-cv-00416. None of these is a lawsuit to require the Court to unseal sealed court records.