United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PETITION OF JENNIFER GRANICK AND RIANA PFEFFKORN | Case No. 16-mc-80206-KAW<br><br>**ORDER DENYING MOTION TO UNSEAL DOCUMENTS AND PUBLICLY DOCKET COURT RECORDS**<br><br>Re: Dkt. No. 8 |

On September 28, 2016, Petitioners Jennifer Granick and Riana Pfefferkorn filed a petition to unseal court records, specifically surveillance orders issued by the Court. (Petition at 1, Dkt. No. 1.) On January 12, 2017, Petitioners filed the instant motion to unseal docket sheets and publicly docket court records. (Pets.' Mot., Dkt. No. 8.) The motion sought: (1) the unsealing of the docket sheets of all sealed criminal miscellaneous cases filed between January 1, 2006 and December 31, 2011; and (2) the directing of the Clerk of the Court to enter into CM/ECF all records in criminal miscellaneous cases filed between January 1, 2006 and December 31, 2011 that have been unsealed. (*Id.* at 1.) On February 10, 2017, the United States of America, acting as an interested party, filed an opposition to Petitioners' motion. (Gov.'s Opp'n, Dkt. No. 15.) On February 22, 2017, Petitioners filed their reply brief.[1] (Pets.' Reply, Dkt. No. 23.) Upon consideration of the parties' filings, as well as the arguments presented at the May 4, 2017 motion hearing, and for the reasons set forth below, Plaintiffs' motion to unseal is DENIED.

---

[1] The parties have also since filed supplemental briefing requested by the Court, which focused primarily on the form of the petition and whether it was properly filed as a miscellaneous case or if it should be re-filed as a civil case. (Dkt. Nos. 25, 27, 28.)

In support of their request, Petitioners argue that the public has a constitutional right to access docket sheets. (Pets.' Mot. at 5.) In general, when dealing with a First Amendment right of access claim to criminal proceedings, the Courts consider two factors: (1) "whether the place and process have historically been open to the press and general public," and (2) "whether public access plays a significant positive role in the functioning of the particular process in question." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8, 9 (1986). Once the Court determines there is a qualified First Amendment right of access, the Court must make a finding on the record that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 13-14.[2]

While the Court agrees that there is a qualified constitutional right to access court records, the Court's primary concern in the instant case is that the scope of the relief sought by Petitioners is overbroad. For example, Petitioners seem to assume that because the docket sheets they seek to have unsealed are over five years old, there will be no harm to a protected interest by unsealing all of the miscellaneous criminal matters. (*See* Pets.' Mot. at 6-7.) Similarly, Petitioners assume that all documents in unsealed cases can be docketed, without regard to whether the cases were unsealed for limited purposes and are still subject to protective orders. (*See* Gov.'s Opp'n at 2.) Neither assumption is tenable. As the Government pointed out at the hearing, investigations can be ongoing after five years; further, even if an investigation is closed, the Government may have chosen not to pursue charges against the target of the investigation, and such unindicted targets have a privacy interest in not having their information revealed. In short, Petitioners' request for wholesale unsealing is not practicable, as each case needs to be evaluated on an individual basis to

---

[2] There is also a common law right to inspect and copy public records and documents, including judicial records and documents. *United States v. Schlette*, 842 F.2d 1574, 1582 (9th Cir. 1988). This "common law right of access accomplishes many of the purposes served by the first amendment." *Id.* This right, however, "is not absolute, nor is it given the same level of protection accorded constitutional rights." *Id.* (internal citation omitted). It appears that in such cases, the Courts apply a balancing test, weighing "the need for disclosure against the reasons for confidentiality." *Id.* at 1581. The Ninth Circuit found that with respect to a presentence report, a third party "must make some threshold showing that disclosure will serve the ends of justice," although it is not clear if the Ninth Circuit was applying this to the common law right to inspect generally, or for presentence reports specifically, as it had noted that presentence reports are "prepared primarily for court use, although an ancillary function is to aid agency decisionmaking." *Id.*

2

ensure that unsealing is permissible. Otherwise, there is an undue risk that information which should be sealed, whether because it is required by statute or to protect ongoing investigations or privacy interests, will be improperly released. (*E.g.*, Ault Decl. ¶ 10 (explaining that wiretap applications and orders typically contain private personal information, such as names, social security numbers, birth dates, and telephone numbers, and that such personal information may be related to significant others, relatives, or friends of the target of the investigation).) Moreover, the relief sought by Petitioners requires that this Court reverse the sealing orders of other judges in this district, which this Court lacks the authority to do.

Because of the broad scope of the relief sought by Petitioners,[3] the Court DENIES Petitioners' motion to unseal and publicly docket documents in cases that have been unsealed. At the hearing, however, the Government stated that it was reviewing its own files to see what could be unsealed. Accordingly, the Court ORDERS Petitioners to meet and confer with the Government on the status of this review of existing cases for matters that can be unsealed. The parties shall file a joint status update within sixty (60) days of the date of this order.

IT IS SO ORDERED.

Dated: June 23, 2017

                                                                     _____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[3] The Court observes that the vast majority of cases cited by Petitioners were of limited scope, where the petitioners or plaintiffs were seeking specific information rather than wholesale unsealing. The only case cited by Petitioners to involve similarly broad relief is *In the Matter of the Application of Jason Leopold*, Case No. 1:13-mc-712, a case that has been pending in the D.C. district court for four years and has primarily progressed through the joint efforts of the petitioners and the Government. As of the date of this order, it does not appear that any substantive orders in that case have been issued, as the parties have generally agreed to the relief granted by the D.C. district court.