JENNIFER STISA GRANICK (SBN 168423)
jennifer@law.stanford.edu
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0758

RIANA PFEFFERKORN (SBN 266817)
riana@law.stanford.edu
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone:  (650) 736-8675
Facsimile:   (650) 725-4086

*Pro Se* Petitioners

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **IN RE:** **PETITION OF JENNIFER GRANICK AND RIANA PFEFFERKORN TO UNSEAL TECHNICAL-ASSISTANCE ORDERS AND MATERIALS** | MISC. CASE NO.: 16-mc-80206-KAW<br><br>ADMINISTRATIVE MOTION TO SUPPLEMENT JOINT STATUS REPORT PURSUANT TO CIVIL LOCAL RULE 7-11 |

This Petition arises from Petitioners' efforts to unseal certain surveillance materials filed in this District, and to ensure that future surveillance applications and orders are managed in a more publicly transparent way. Pursuant to the Court's Order dated June 23, 2017 (Docket Item ["D.I."] 36), Petitioners Jennifer Granick and Riana Pfefferkorn and Interested Party United States of America submitted a Joint Status Report on August 22, 2017 (D.I. 38). A status conference in this matter is set for December 7, 2017 at 11:00 AM.

Since the Joint Status Report filing, there have been two relevant developments that this Court may wish to be aware of prior to the December 7, 2017 status conference date. Both demonstrate the willingness and ability of the Department of Justice (DOJ) to unseal surveillance matters, or otherwise ensure that these are available to the public to the fullest extent possible. First, the DOJ has changed its policy regarding protective orders under 18 U.S.C. § 2705(b) of the Stored Communications Act (SCA). The new policy is attached as Exhibit A. Second, in a recent filing in *In the Matter of the Application of Jason Leopold to Unseal Certain Electronic Surveillance Applications and Orders*, No. 13-mc-00712-BAH (D.D.C.) (hereinafter "*Leopold*"), the DOJ detailed the efforts it has taken to make certain surveillance materials public in the United States District Court for the District of Columbia ("D.D.C."), representations that should facilitate this Court's consideration of whether and how to unseal similar materials in this District. The DOJ filing in which that statement is contained is attached as Exhibit B.

Exhibit A, the new DOJ policy, is binding guidance that ends the routine imposition of protective orders of indefinite duration barring service providers like Microsoft or Google from telling their customers that their email or other records have been turned over in response to legal demands by the government under the SCA. In particular, the policy says that "each § 2705(b) order should have an appropriate factual basis and each order should extend only as long as necessary to satisfy the government's interest." Ex. A at 1. In particular, "[b]arring exceptional circumstances, prosecutors filing § 2705(b) applications may only seek to delay notice for one year or less." *Id*. at 2. Petitioners are seeking (among other things) information on sealed warrants and orders filed in this District under the SCA – the very information that the DOJ now

says generally should not be sealed for longer than a year.[1]

Exhibit B, the government filing in *Leopold*, details efforts over the course of more than a year by the D.D.C. court, its Clerk's Office, the DOJ, and the petitioners to unseal applications and orders relating to electronic surveillance methods. In that matter, the petition resulted in the release of lists identifying all pen register/trap and trace (PR/TT) applications filed by the United States Attorney's Office for the District of Columbia ("USAO-DC") between 2008 and 2016 (approximately 700 pages), the approximate number of matters filed under section 2703(d) of the SCA, extraction charts for the PR/TT applications (approximately 50 pages), and total or partial unsealing of any PR/TT matters where the application was denied or a substantive opinion issued. *See* Ex. B at 2-3. In terms of prospective relief (something Petitioners here also seek), the D.D.C. Clerk's Office will now provide for the electronic filing and public reporting of caption information for certain surveillance materials. *Id*. at 3. In sum, the government reports that "[b]y filing this lawsuit, petitioners have been instrumental in prompting a sea change in how the Court and the USAO-DC handle the filing of sealed matters under the Pen Register Statute and the SCA." *Id*. at 42.

These materials elucidate government practice and policy regarding public disclosure of surveillance materials and should facilitate discussion and resolution between the Court, the Clerk's Office, the government, and Petitioners of the outstanding issues raised in our Petition. For these reasons, Petitioners respectfully move this Court pursuant to Civil Local Rule 7-11 to add the attached materials to the Joint Status Report to facilitate their consideration at the upcoming status conference.

Petitioners notified Assistant United States Attorney Laura-Kate Bernstein and Kyle Waldinger by email that Petitioners would be moving to add Exhibits A and B to the Joint Status

---

[1] In a footnote, the policy states that it "does not create any right, benefit, trust, or responsibility… enforceable at law or equity by a party against the United States[.]" *Id.* at 1 n.1. For clarity, Petitioners are not asserting that the new policy creates any right or entitles us to any relief in this case. Rather, the policy is an acknowledgement by the DOJ that matters generally should not be sealed longer than one year. That acknowledgement is relevant to resolving our Petition.

1  Report on November 2, 2017. Mr. Waldinger responded by email on November 7, 2017 that the
2  government had no objection to our placing these materials before the Court. However, the
3  government will not stipulate to this Motion and does not agree with all of our language
4  describing the materials.

6          Respectfully submitted,

7  Dated: November 8, 2017         /s/
        JENNIFER STISA GRANICK (SBN 168423)
8          RIANA PFEFFERKORN (SBN 266817)

        *Pro Se* Petitioners