# EXHIBIT A


The Deputy Attorney General          *Washington, D.C. 20530*
                                      October 19, 2017

MEMORANDUM FOR HEADS OF DEPARTMENT LAW ENFORCEMENT COMPONENTS
                              DEPARTMENT LITIGATING COMPONENTS
                              THE DIRECTOR, EXECUTIVE OFFICE FOR U.S. ATTORNEYS
                              ALL UNITED STATES ATTORNEYS

FROM:                 Rod J. Rosenstein
                      Deputy Attorney General

SUBJECT:      Policy Regarding Applications for Protective Orders
                      Pursuant to 18 U.S.C. § 2705(b)

       This memorandum provides guidance and direction for Department of Justice attorneys and agents seeking protective orders pursuant to 18 U.S.C. § 2705(b) of the Stored Communications Act (SCA).[1]  This guidance applies prospectively to all applications seeking protective orders, including both new orders and renewals, filed on or after 30 days of the date this memorandum is issued.

       The SCA permits the government to obtain certain records and information from providers of electronic communications services or remote computing services relating to their customers or subscribers.  Under the SCA, the government may compel the disclosure of different categories of information via subpoena, a court order under 18 U.S.C. § 2703(d), or a search warrant.  The SCA does not by default forbid a provider from notifying anyone.  Providers will be prohibited from voluntarily notifying their users of the receipt of legal process under the SCA only if the government obtains a protective order under 18 U.S.C. § 2705(b), based on a need for protection from disclosure.

       Each § 2705(b) order should have an appropriate factual basis and each order should extend only as long as necessary to satisfy the government's interest.  Prosecutors who are applying for § 2705(b) orders must follow the steps outlined below:

---

[1] This guidance is intended only to improve the internal management of the Department of Justice.  It is not intended to and does not create any right, benefit, trust, or responsibility, whether substantive or procedural, enforceable at law or equity by a party against the United States, its departments, agencies, instrumentalities, entities, officers, employees, or any person, nor does it create any right of review in an administrative, judicial, or any other proceeding.  This memorandum does not impact or alter existing procedures governing protective orders pursuant to any other authority, including 18 U.S.C. § 2709(c) or the Termination Procedures for National Security Letter Nondisclosure Requirement, Federal Bureau of Investigation (Nov. 24, 2015).

1. Prosecutors must conduct an individualized and meaningful assessment regarding the need for protection from disclosure prior to seeking an § 2705(b) order and only seek an order when circumstances require.

2. In applying for a § 2705(b) order, prosecutors should tailor the application to include the available facts of the specific case and/or concerns attendant to the particular type of investigation. The prosecutor should identify which of the factors set forth in § 2705(b)(1)–(5) apply and explain why. For example, prosecutors might choose to include information about the relationship of the data sought to the subject(s) of the investigation or describe the potential for related accounts or data to be destroyed or otherwise made inaccessible to investigators. Similarly, prosecutors may identify concerns attendant to the risk of flight or harm to public safety in that particular investigation, including those concerns based on experience with similar types of investigations. The factors justifying protection from disclosure may be similar in many cases, particularly at the outset of an investigation. As appropriate, prosecutors may state the extent to which the stage of the investigation limits the availability of specific facts justifying the § 2705(b) order.[2]

3. Prosecutors may seek a single protective order that covers multiple grand jury subpoenas issued as part of the same investigation, or a single protective order that covers other sets of nearly-identical legal process in a discrete investigation. A single protective order for multiple items of process should be sought only if the facts justifying protection from disclosure are the same for all items of process covered by the order. Prosecutors should ensure that a copy of the protective order is served with each item of process covered by the order.

4. Barring exceptional circumstances, prosecutors filing § 2705(b) applications may only seek to delay notice for one year or less.[3]

---

[2] When applying for a § 2705(b) order to accompany a subpoena seeking basic subscriber information in an ongoing investigation that is not public or known to the subject(s) of the investigation, stating the reasons for protection from disclosure under § 2705(b)—such as the risk that subject(s) will flee, destroy or tamper with evidence, change patterns of behavior, or notify confederates—usually will suffice. At a later stage of the investigation, for example, when a search warrant is being sought, the prosecutor should include more specific facts, as available, in support of the protective order.

[3] There may be exceptional circumstances in which orders of longer duration are necessary, such as in certain national security investigations that materially differ from routine criminal investigations. Orders seeking to delay notice beyond the time limit listed above shall be sought only with the written concurrence of a supervisor designated by the United States Attorney or the appropriate Assistant Attorney General, based upon facts and concerns that support a longer delay (*e.g.,* the suspect is an overseas fugitive who may travel internationally at some future time, if not alerted to the investigation).

5. The Department recognizes that judges may direct shorter or longer periods for orders, consistent with the language of § 2705(b).

6. If factors justifying protection from disclosure continue to exist at the expiration of the original order, subsequent extensions of equal or less duration may be sought. Requests should be supported with such additional, specific facts as may have been developed through the investigation.

The guidance was developed with input from many Department components and will be added to the U.S. Attorney's Manual. Nothing in this guidance is intended to indicate or imply that any existing protective order(s) issued by any court may be improper. If you have questions relating to the interpretation or recommended implementation of this guidance, please contact the Computer Crime and Intellectual Property Section of the Criminal Division at 202-514-1026.