# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE APPLICATION
OF JASON LEOPOLD TO UNSEAL
CERTAIN ELECTRONIC SURVEILLANCE
APPLICATIONS AND ORDERS

Case No. 1:13-mc-00712-BAH

**DECLARATION OF RIANA PFEFFERKORN
IN SUPPORT OF PETITIONERS' SUPPLEMENTAL MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF THEIR APPLICATION TO UNSEAL
PEN REGISTER/TRAP AND TRACE APPLICATIONS, ORDERS, AND RELATED
COURT RECORDS**

I, Riana Pfefferkorn, declare as follows:

1. I am an attorney licensed to practice law in the State of California, and the Cryptography Fellow at the Center for Internet and Society at Stanford Law School ("CIS") in Stanford, California. I have held this position since October 2015. I make this Declaration in support of the brief filed herewith by Petitioners Jason Leopold and the Reporters Committee for Freedom of the Press ("RCFP"). The following facts are true to the best of my knowledge and belief and, if called and sworn as a witness, I could and would testify competently to them.

2. CIS is a public interest technology law and policy program at Stanford Law School and a part of the school's Law, Science and Technology Program. CIS studies the interaction of new technologies and the law and examines how that dynamic can either promote or harm public goods such as privacy, free speech, innovation, and scientific inquiry. Through its work, CIS provides law students and the general public with educational resources and analyses of policy issues arising at the intersection of law, technology, and the public interest.

3. My position at CIS is specifically dedicated to researching government surveillance and encryption law and policy. In that role, I collaborate closely with my colleague, CIS Director of Civil Liberties Jennifer Granick. A key part of our work is research and analysis of judicially-authorized government surveillance activities. We investigate and analyze the U.S. government's policies and practices for forcing decryption and/or influencing cryptography- or security-related design of online platforms and services, devices, and products through the courts

and legislatures.

4. Ms. Granick and I are the *pro se* petitioners in a matter pending before the United States District Court for the Northern District of California captioned *In re Petition of Jennifer Granick and Riana Pfefferkorn to Unseal Technical-Assistance Orders and Materials*, Misc. No. 4:16-mc-80206-KAW, filed on September 28, 2016 (hereinafter *In re Granick*). We brought the action in our individual capacities.

5. In the *In re Granick* matter, Ms. Granick and I seek the unsealing of the docket sheets and underlying records in sealed, post-investigative surveillance matters under certain provisions of the Wiretap Act (18 U.S.C. §§ 2510-2522), Stored Communications Act ("SCA") (18 U.S.C. §§ 2701-2712), Pen Register Act (18 U.S.C. §§ 3121-3127), and All Writs Act ("AWA") (28 U.S.C. § 1651), filed in the Northern District of California from 2006 onward.

6. Through the *In re Granick* Petition, we seek to unseal court records to use in our academic research, as well as for public scrutiny. The purpose of our petition is to promote the public interest by illuminating the legal authorities under which law enforcement may require the assistance of third parties in conducting court-authorized searches, seizures, data collection, or surveillance. Unsealing would inform the current public debate over encryption; further public understanding of surveillance law; and help reveal law enforcement's legal authority to compel service providers to create and maintain surveillance-capable communications and data services.

7. On information and belief, in the present case, the United States Attorney's Office for the District of Columbia is willing to agree to provide certain categories of information extracted from filings in 10% of sealed, post-investigatory pen register/trap and trace ("PRTT") matters filed in this Court from 2008 through 2016 (the "D.C. PRTT Matters"). Petitioners seek to unseal filings or obtain extracted information from filings in 100% of those matters.

8. Unsealing a 10% sample of the D.C. PRTT Matters will not disclose all PRTT matters that would be of interest to academics, the press, or the general public.

9. There are many reasons why the public needs to see all PRTT applications and orders that can appropriately be unsealed, and why a sample is not an adequate substitute.

10. There may be PRTT matters where the government did not follow proper processes. In some PRTT applications, the government might push a novel interpretation of the statute, and the court might accept or reject it. Some materials might reveal efforts to compel a service provider to provide novel or unusual technical assistance, such as forcing disclosure of encryption keys, as happened in the pen register matter involving the Lavabit email service (*In re Under Seal*, 749 F.3d 276 (4th Cir. 2014)). The materials might involve new or unusual investigatory techniques, such as the use of cell phone tracking devices (Stingrays), or the installation of a keystroke logger on a laptop.

11. These examples aren't necessarily common. Rather, they would be important but potentially rare "needles" in the proverbial "haystack" of all the D.C. PRTT Matters. Unsealing a 10% sample of the D.C. PRTT Matters would be extremely unlikely to reveal all of the haystack's needles, and might capture none at all. In short: the only way to be sure that the public learns about these important matters—to find all of the needles—is to disclose the whole haystack for public review.

12. The public cannot get a full, informed understanding of government surveillance in this District if it is permitted to see only one small sample that will not reliably capture all the public-interest cases. Without the full picture, the public cannot meaningfully evaluate how the government is using surveillance authorities such as the Pen Register Act.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed at Stanford, California on May 16, 2017.

_____
Riana Pfefferkorn