1  JENNIFER STISA GRANICK (SBN 168423)
   jgranick@aclu.org
2  39 Drumm Street
   San Francisco, California 94111-4805
3  Telephone: (415) 343-0758

4
   RIANA PFEFFERKORN (SBN 266817)
5  riana@law.stanford.edu
   559 Nathan Abbott Way
6  Stanford, California 94305-8610
   Telephone:  (650) 736-8675
7  Facsimile:   (650) 725-4086

8
   *Pro Se* Petitioners

9

10                     **UNITED STATES DISTRICT COURT**

11                     **NORTHERN DISTRICT OF CALIFORNIA**

12                             **OAKLAND DIVISION**

13  | **IN RE:** | MISC. CASE NO.: 16-mc-80206-KAW |
    |---|---|
14  | **PETITION OF JENNIFER GRANICK AND RIANA PFEFFERKORN TO UNSEAL TECHNICAL-ASSISTANCE ORDERS AND MATERIALS** | **PETITIONERS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

1 | PLEASE TAKE NOTICE that, pursuant to Northern District of California Civil Local Rule 7-9, Petitioners Jennifer Granick and Riana Pfefferkorn hereby move this Court for an order granting them leave to file a motion for reconsideration of this Court's May 1, 2018 Order Setting Briefing Schedule and Continuing May 3, 2018 Status Conference ("May 1 Order") (Dkt. 52). This Motion for Leave is based on all of the records and files herein, including the proposed Motion for Reconsideration (attached hereto as Exhibit A to this Motion) and the Declaration of Jennifer Granick in Support of the Motion for Leave to File a Motion for Reconsideration ("Granick Declaration"). A Proposed Order granting the Motion for Leave is filed herewith.

Under Northern District Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration at any time before judgment. Civ. L.R. 7-9(a). A motion for reconsideration of a court order may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the Court before entry of the order, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law occurring after the time of the order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before the order. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c).

Petitioners have shown reasonable diligence in bringing the motion for leave, as required by Civil Local Rule 7-9(b). The Order of which Petitioners seek reconsideration was filed on May 1, 2018, fourteen days ago. The local rule does not specify any particular time period for filing the motion for leave. However, fourteen days is reasonable, as that is the time period expressly set in other rules permitting parties to object to or appeal from certain kinds of orders. *E.g.*, FED. R. CIV. P. 72(a) (objection to magistrate judge's nondispositive pretrial orders), 23(f) (petition for permission to appeal from adverse class-certification order).

Petitioners move for reconsideration on two grounds. First, new material facts have emerged of which it appears the Court is unaware, and which Petitioners were not given an opportunity to present before the May 1 Order issued. Civ. L.R. 7-9(b)(1)-(2). Specifically, the

Northern District's Criminal Rules and Procedures Committee (hereafter the "CRAP Committee") plans to create a subcommittee and allow Petitioners to participate in it. This subcommittee will consider reforms to this District's docketing procedures for surveillance materials. Granick Decl. ¶¶ 4-6. The fact that this Committee will consider prospective reform moots the first question this Court asked in its May 1 Order, specifically: "whether Petitioners are essentially seeking structural reforms that are distinguishable from the Court's general supervisory powers over its records." May 1 Order at 1.

Second, the Court appears to have ordered Petitioners and the government to re-brief matters that we have already briefed. Petitioners are concerned that we may not understand exactly what the Court is asking in the May 1 Order. But at this point, it appears that in issuing the May 1 Order for additional briefing, the Court has manifestly failed to consider legal arguments already presented. Civ. L.R. 7-9(b)(3). Petitioners and the government have already addressed "(1) whether Petitioners are essentially seeking structural reforms that are distinguishable from the Court's general supervisory powers over its records; (2) whether the failure to name a defendant raises issues of sovereign immunity; (3) whether the logic prong would apply to § 2703(d), pen register and trap and trace, and Stored Communications Act orders; and (4) whether there is a separate right of access to dockets where the dockets at issue are on matters that are sealed." May 1 Order at 1. We have also addressed the claim that our Petition is overbroad.

For these reasons, we ask that this Court grant us leave to file the Motion for Reconsideration attached to this Motion for Leave as Exhibit A.

Respectfully submitted,

Dated: May 15, 2018

           /s/
JENNIFER STISA GRANICK (SBN 168423)
RIANA PFEFFERKORN (SBN 266817)

*Pro Se*